MORRIS ET AL. *v.* SCHOONFIELD, WARDEN, ET AL.

No. 782.   Argued April 22, 1970—Decided June 29, 1970

*Robert G. Fisher* argued the cause for appellants. With him on the briefs were *Aaron M. Schreiber, Elsbeth Levy Bothe,* and *Melvin L. Wulf.*

*George L. Russell, Jr.,* argued the cause for appellees. With him on the brief were *Francis B. Burch,* Attorney General of Maryland, *Alfred J. O'Ferrall III,* Assistant Attorney General, *Ambrose T. Hartman,* and *Roger C. Duncan.*

PER CURIAM.

We noted probable jurisdiction [1] and set the case for oral argument with *Williams* v. *Illinois, ante,* p. 235, decided today.   However, Maryland has recently enacted legislation [2] dealing directly with the issue presented, and our holding in *Williams,* that an indigent may not be imprisoned beyond the maximum term specified by statute solely because of his failure to pay a fine and court costs, may shed further light on the question raised here.   We therefore vacate the judgment and remand the case to the District Court for reconsideration in light of the intervening legislation and our holding in *Williams* v. *Illinois, supra.*

MR. JUSTICE BLACKMUN took no part in the consideration or decision of this case.

---

[1] 397 U. S. 960.

[2] Chapter 147 of the 1970 Laws of Maryland (approved April 15, 1970).

MR. JUSTICE WHITE, with whom MR. JUSTICE DOUGLAS, MR. JUSTICE BRENNAN, and MR. JUSTICE MARSHALL join, concurring.

I agree that this case should be remanded for reconsideration in light of our opinion in *Williams* v. *Illinois*, *ante*, p. 235, and the recent enactment by the Maryland General Assembly of new legislation bearing on the questions presented.

However, I deem it appropriate to state my view that the same constitutional defect condemned in *Williams* also inheres in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing and able to pay a fine. In each case, the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.

As I understand it, *Williams* v. *Illinois* does not mean that a State cannot jail a person who has the means to pay a fine but refuses or neglects to do so. Neither does it finally answer the question whether the State's interest in deterring unlawful conduct and in enforcing its penal laws through fines as well as jail sentences will justify imposing an "equivalent" jail sentence on the indigent who, despite his own reasonable efforts and the State's attempt at accommodation, is unable to secure the necessary funds. But *Williams* means, at minimum, that in imposing fines as punishment for criminal conduct more care must be taken to provide for those whose lack of funds would otherwise automatically convert a fine into a jail sentence.