433 F.2d 68
 Bertha Mae WADE, Plaintiff-Appellant,
v.
Joe CARSLEY, Sheriff of Tunica County, Defendant-Appellee.
Wilfred L. THAMES, by his mother and next friend, Lula Mae
Thames, Petitioner-Appellant,
v.
Max THOMAS, Superintendent, Hinds County Penal Farm,
Respondent-Appellee.
 Nos. 27953, 28063.
 United States Court of Appeals, Fifth Circuit.
 Oct. 12, 1970.
 
 Robert J. Kelly, Batesville, Miss., Michael B. Trister, Oxford, Miss., for Bertha Mae Wade.
 Garland Lyell, Jr., Asst. Atty. Gen., Jackson, Miss., for Joe Carsley.
 MacDonald Gallion, Atty. Gen., of Ala., Walter S. Turner, Asst. Atty. Gen., Montgomery, Ala., for Amicus Curiae, State of Ala.; Herbert H. Henry, Asst. Atty. Gen., Montgomery, Ala., of counsel.
 Crawford C. Martin, Atty. Gen. of Tex., Nola White, First Asst. Atty. Gen., Pat Bailey, Executive Asst. Atty. Gen., Robert C. Flowers, Allo B. Crow, Jr., Asst. Attys. Gen., Austin, Tex., for Amicus Curiae, State of Tex.
 James A. Lewis, Armand Derfner, Jackson, Miss., George M. Strickler, Jr., New Orleans, La., for Wilfred L. Thames.
 Paul G. Alexander, Hinds County Pros. Atty., Jackson, Miss., for Max Thomas.
 Before WISDOM, THORNBERRY and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 These appeals were consolidated for the purpose of argument. The appellants presented oral argument, although the State of Mississippi waived oral argument in each case. The Attorneys General of Alabama and Texas filed amicus curiae briefs in Wade, No. 27,953. Each appeal presents the question of whether a state violates federal constitutional rights by imposing imprisonment upon an indigent for inability to pay a validlyimposed fine when the additional imprisonment extends the total detention beyond the maximum imprisonment prescribed by the state law for the offense. We withheld decision in these cases pending decision by the Supreme Court of the United States in the cases of Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and Morris v. Schoenfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970).
 
 
 2
 In Williams the Supreme Court held that aggregate imprisonment which extends the maximum period fixed by state statute and which results directly from an involuntary nonpayment of a fine or court costs creates invidious discrimination based on ability to pay and is violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Morris was vacated and remanded for further hearings in light of recently passed state legislation and the decision in Williams.
 
 No. 28,063-- Thames v. Thomas
 
 3
 The Williams holding directly controls the situation in No. 28,063.
 
 
 4
 The appellant Thames pled guilty to a charge of trespass and was sentenced to serve six months (the statutory maximum) and to pay a fine of $500.00 (also the maximum) and costs.[1] The appellant was represented by appointed counsel in the state court and proceeds here in forma pauperis. His indigency is undisputed. Appellant completed his six months sentence on March 5, 1969, but as a pauper was unable to pay the $500.00 fine and was therefore committed for an additional 166 2/3 days.[2] After the district court denied the appellant's petition for a writ of habeas corpus and refused to grant a certificate of probable cause this Court granted the appellant's application for release pending appeal and the requisite certificate. Approximately two months of the additional term remained to be served when we granted release.
 
 
 5
 Under the reasoning of Williams the imposition of the additional 166 2/3 days incarceration for inability to pay the fine was patently unconstitutional. Since the appellant in No. 28,063, Wilfred L. Thames, has already served the statutory maximum sentence he may not be further confined for his inability to pay the fine levied. We, therefore, reverse and remand No. 28,063 to the district court with instructions to grant the writ of habeas corpus. Nothing herein is intended to prevent the state from instituting methods other than incarceration (and which are not otherwise constitutionally defective) to enforce the collection of the remaining portion of the fine which has not been paid by the additional time the appellant served in confinement.[3]
 
 No. 27,953-- Wade v. Carsley
 
 6
 Case No. 27,953, Wade v. Carsley, is moot. Wade's additional imprisonment for inability to pay a $500.00 fine was fully served before this suit was brought initially. Wade pled guilty in state court to the offense of breach of the peace and was sentenced. She does not here attack the plea of guilty or the right of the court to impose sentence. She attacks only the length of the sentence imposed, i.e., the additional six months served for inability to pay the fine. The application of Williams will not invalidate the conviction marked against Wade's record and there is simply no other relief available to Wade at this time. We obviously cannot turn back the clock. Neither can we find any collateral consequences that arise here from a fully-served sentence for inability to pay a fine. Wade's misdemeanor conviction has not caused her to lose the right to vote, to hold public office to join a union, or to engage in a particular business, as was the case in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). No. 27,953 is accordingly dismissed for mootness.
 
 
 
 [1]
 Mississippi Code 1942 Annotated, Section 2406, provides:
 'Any person who shall be guilty of a wilful or malicious trespass upon the real or personal property of another, for which no other penalty is prescribed, shall, upon conviction, be fined not exceeding five hundred dollars, or imprisoned not longer than six months in the county jail, or both.'
 
 
 [2]
 The imprisonment and the duration of the additional term is fixed by the following Mississippi statutes:
 Mississippi Code 1942 Annotated, Section 7899, provides:
 'Every convict sentenced to imprisonment in the county jail, or to such imprisonment and the payment of a fine, or the payment of a fine, shall be committed to jail, and shall remain in close confinement for the full time specified for imprisonment in the sentence of the court, and in like confinement until the fine, costs and jail fees be fully paid, unless discharged in due course of law, or as hereinafter provided. But no convict shall be held in continuous confinement under a conviction for any one offense for failure to pay fine and costs in such case for a period of more than two years.'
 Mississippi Coee 1942 Annotated, Section 7906, provides:
 '* * * Every convict for each day's work he is required to do shall receive credit on his fine and costs assessed against him of Three Dollars ($3.00) per day, until such fine and costs are fully paid. And in case the convict is serving a sentence of imprisonment, each day that he works in serving such sentence shall entitle him credit for equal time on his sentence of imprisonment, but in no instance shall a convict receive credit on the fine and costs and on the time sentenced to imprisonment for the same work. No convict shall be allowed to labor more than eight hours per day, but shall be required, when able, to perform eight hours labor each day.'
 
 
 [3]
 See Williams, footnote 21