STATE of Tennessee, Appellant,

v.

James E. WALDING, Appellee.

Court of Criminal Appeals of Tennessee.

Nov. 12, 1971.

Certiorari Denied by Supreme Court
Feb. 7, 1972.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, James G. Hall, Asst. Dist. Atty. Gen., Memphis, for appellant.

Hugh W. Stanton, Jr., and Barry Kuhn, Memphis, for appellee.

## OPINION

RUSSELL, Judge.

James E. Walding obtained post-conviction relief upon his hearing in the trial court, and the State has appealed. Walding had two guilty-plea misdemeanor (worthless check) convictions, agreeing to consecutive thirty day jail sentences and cumulative one hundred fifty dollar fines. Being indigent, after serving the jail sentences, he sought and obtained his release, the trial judge allowing him to pay his fine in weekly installments of twenty dollars each, rather than requiring him to continue to serve the fines in jail at the statutory rate of five dollars per day. See T.C.A. §§ 40–3203 and 41–1223.

We affirm the action of the trial judge. Three recent U. S. Supreme Court decisions enunciate the controlling principle. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). Although these cases are distinguishable on their precise facts from the case sub judice, the following dictum from Tate clearly covers it. We quote:

"[1, 2] Although the instant case involves offenses punishable by fines only, petitioner's imprisonment for nonpayment constitutes precisely the same unconstitutional discrimination since, like Williams, petitioner was subjected to imprisonment solely because of his indigency. In Morris v. Schoonfield, 399 U.S. 508, 509, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970), four members of the Court anticipated the problem of this case and stated the view, which we now adopt, that ' . . . the same constitutional defect condemned in Williams also inheres in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing and able to pay a fine. In each case, the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.' "

Our appeal involves cases in which jail sentences accompanied the fines (unlike Tate); but the jail sentences, even with the fines converted to jail time, (unlike Williams and Morris), did not exceed the maximum possible jail time for the offenses. Hence, the U. S. Supreme Court has not actually passed upon a case on all fours with ours; but the quoted enunciation of principle does cover this case. We do not believe that the fact that Walding bargained for his punishment permits the

State to keep him in jail when he, despite his earlier hopes, was unable to pay his fines in toto instanter because of his indigency.

WALKER, P. J., and O'BRIEN, J., concur.