**STATE v. MACKEY.**

No. 7948.

Circuit Court, Dade County, Criminal Appeal.

August 30, 1972.

Geoffrey W. Pines, Opa Locka, for the appellant.

Richard E. Gerstein, State Attorney, John Durant, Assistant State Attorney, for the appellee.

THOMAS A. TESTA, Circuit Judge.

This matter came on to be heard on the defendant's appeal from a final judgment of conviction, sentence and fine entered on April 12, 1972 by the metropolitan court. Having heard argument by counsel for the defendant and the state and being otherwise fully advised, the court finds —

That the defendant, Alfred Mackey, while in the employ of a grocery store was charged with petty larceny for the unlawful taking of meat and food stuff, found guilty and sentenced to 60 days in jail, and fined $500 or an additional 30 days in jail for failure to pay said fine.

That he served seven days of this sentence and is presently out on appeal. That he is a young twenty year male, who distinguished himself as co-captain of his high school football team and was selected "all-city" and received other honors.

That he has been accepted for a college loan, but hopes to make the football team thus paving the way for another needy student to take advantage of his loan.

That the court is satisfied that the employer offered to re-employ the defendant but that he was working at another grocery store and decided to continue working there.

That the consequences of this recorded conviction will forever follow this defendant and the original impact and time served is sufficient punishment for the unlawful taking of food, which was his sole and only transgression.

That the court takes notice that the state has joined with the defendant and the employer in a plea for leniency and mitigation.

The United States Supreme Court in two landmark decisions announced that a man's pocketbook should not determine whether he will pay the fine or spend time in jail, and that an order to "pay $30 or 30 days" is an invidious discrimination and a violation of the due process and equal protection clauses of the Fourteenth Amendment. Williams v. Illinois, 399 U.S. 235 (1970), and Morris v. Schoonfield, 399 U.S. 508 (1969).

It is thereupon, upon consideration, ordered and adjudged — (1) That the defendant, Alfred Mackey, is released from the balance of the 60 day sentence, and the fine in the amount of $500 is vacated and set aside. (2) That the defendant, Alfred Mackey, shall be placed on non-reporting probation for a period of 53 days.