**Larry Ray GILLIARD et al., Petitioners-Plaintiffs,**

v.

**Dale CARSON, as Sheriff of Jacksonville, Florida, Donald G. Nichols, State Attorney for the Fourth Judicial Circuit of Florida, acting in his capacity as Prosecuting Attorney for the Municipal Court of Jacksonville, Florida, and the City of Jacksonville, Florida, a Municipal Corporation, Respondents-Defendants.**

Civ. A. Nos. 71–28–Civ–J, 71–70–Civ–J and 71–148–Civ–J.

United States District Court, M. D. Florida, Jacksonville Division.

Sept. 29, 1972.

Russell H. Showalter, Jr., Paul C. Doyle, Duval Legal Aid Assn., Jacksonville, Fla., for petitioners-plaintiffs.

Martin J. Mickler, Asst. State's Atty., T. Edward Austin, Jr., Charles P. Pillans, III, Gen. Counsels, Jacksonville, Fla., for respondents-defendants.

## INJUNCTION AND FINAL JUDGMENT

WILLIAM A. McRAE, Jr., Chief Judge.

Petitioners-plaintiffs in these consolidated cases were convicted of various offenses punishable by imprisonment for terms of less than six months in the Municipal Court of Jacksonville on various occasions prior to the decision of Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) in June of this year. Each of the present cases was begun by petition for writ of habeas corpus on the ground that petitioners had been tried and convicted without counsel solely on account of their indigency. Petitioners-plaintiffs Gilliard, Hudson and Evans relied on the additional grounds of vagueness and overbreadth of the disorderly conduct ordinance under which they were convicted. That ordinance has since been repealed, Jacksonville, Fla., Ordinance 72–420–210, June 23, 1972, and its validity is not at issue here.

Because, at the time of filing of the respective petitions, the Florida courts had clearly enunciated their view that there was a right "to court-appointed counsel only when the offense carries a possible penalty of more than six months imprisonment," State ex rel. Argersinger v. Hamlin, 236 So.2d 442, 444 (Fla. 1970), this Court ruled that the requirement of 28 U.S.C. § 2254(b) had been met and entertained the petitions. Final decision was deferred, however, pending a definitive resolution of the issue of accused misdemeanants' right to counsel by the United States Supreme Court in Argersinger v. Hamlin, then under review by that Court. 401 U.S. 908, 91 S.Ct. 887, 27 L.Ed.2d 805 (1971) (cert. granted). Pending such resolution, petitioners were released on their own recognizance. Cf. Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968). Subsequently the Municipal Court set aside each conviction complained of.

In March of 1971, this lawsuit assumed its present structure; the original petitioners were permitted to amend so as to allege, under 42 U.S.C. § 1983, as representatives of the class consisting of indigent citizens facing prosecution in the Municipal Court of Jacksonville, that Argersinger is not being properly followed in the Municipal Court, and to pray that an injunction issue for the purpose of correcting the existing practice. Only the petitioners-plaintiffs convicted of offenses other than disorderly conduct are properly named as plaintiffs on this count because of the repeal of the disorderly conduct ordinance. Peti-

tioners-plaintiffs Gilliard, Hudson and Evans are, therefore, no longer in this litigation because their claims for habeas relief, like the habeas claims of the other petitioners, are moot.

What remains at issue in the present case accordingly is the federal question of whether the rules and standards laid down in *Argersinger* and related decisions are being followed in the Municipal Court of Jacksonville with respect to the remaining named plaintiffs and the class they represent, all indigent citizens facing prosecution in that court, and the legal question of what this Court's duty is in the circumstances.

### The Facts

In the hearing held in this case on September 19, 1972, the Court heard testimony from an assistant state attorney assigned as prosecutor in the Municipal Court, two inmates at the city prison farm, a law student who observed proceedings in the Municipal Court on four occasions, the custodian of Municipal Court records who produced these records at the hearing, and an assistant public defender who testified to procedures as to waivers of counsel in courts of record. From the evidence adduced, the Court concludes:

1. In response to news of the decision in *Argersinger,* and even before the text of the opinion was available to them, the judges and prosecutors of the Municipal Court of Jacksonville undertook, by way of implementing the decision, to announce at the beginning of each day's session of court that persons accused of ordinance violations had the right to a lawyer, even if they could not afford to pay for his services.

2. As of a month ago, the two municipal judges heard an average of three hundred cases a week, although the figure is now considerably lower because persons accused of public intoxication are no longer tried in Municipal Court.

3. The Municipal Court of Jacksonville is not a court of record.

4. The current practice in the Municipal Court is for the two full-time prosecutors to review the cases beforehand in order to determine whether conviction for the offense charged would be appropriately punished by imprisonment. Only if they decide that it would be do they ask an individual defendant these questions, or their equivalent: (1) Do you wish to have an attorney represent you in this case? (2) Do you understand that you are entitled to a lawyer without cost to you if you are too poor to pay one? (3) Do you understand that you may go to jail if you are convicted?

One of the prosecutors testified that it takes two to five minutes for the prosecutor to ask each defendant those questions. If the defendant answers that he does not want a lawyer, but that he understands his right to have counsel, he is asked to sign a waiver.[1] This form waiver is not read to the defendant, but it is given to him in time for him to read it himself if he is able to read.

5. If this preliminary questioning does not take place, the judge does not ordinarily impose a jail sentence. On at least one occasion, however, a jail sentence was imposed on an indigent citizen without his having waived the right to

---

1. This "Waiver of Right to Counsel" reads as follows:

I have been advised that I have a right to have a lawyer present with me during all stages of these proceedings.

I have been advised by the Court and understand that if I am financially unable to employ or retain a lawyer to represent me one will be appointed for me by the Court, without cost or obligation on my part.

I have been informed of the charge (or charges) against me and I understand that a jail sentence may be imposed upon me if I am convicted.

I further understand that the maximum penalty in this Court for any offense or combination of offenses is Four Hundred Fifty Dollars ($450.00) or Seventy-Five (75) Days or both.

I hereby waive my right to a lawyer and request that I be allowed to represent myself.

counsel or having been advised of the existence of the right.

6. If the prosecutor decides not to advise a defendant of his right to counsel and the trial results in conviction, the judge ordinarily imposes a fine.

7. If a person who has been fined is unable to pay the fine, he is directed to telephones in the rear of the courtroom and permitted to try to raise the money from friends and relatives or others.

8. If the accused is unable to pay the fine or to persuade someone else to pay it for him, he is automatically and administratively taken into custody pursuant to Jacksonville, Fla., Code § 304.-103 (1965), and he is detained until the fine is paid or until he works off the fine at the rate of five dollars per day.[2]

9. On August 18, 1972, six persons were incarcerated for failure to pay fines. No one was incarcerated as a result of the imposition of a jail sentence. On August 24, 1972 (this date was selected at random during the hearing) the records reveal that only eight of thirteen persons incarcerated had been sentenced to jail. The other five were unable to pay their fines.

10. If a person requests a lawyer, saying that he cannot afford to pay for one himself, he is held in jail until a lawyer is appointed, unless the judge decides that the defendant is in fact solvent or releases him on bond.

11. Every Wednesday two or three lawyers come to Municipal Court as part of a program under the auspices of the Jacksonville Bar Association. There are more defendants than lawyers, but defendants held in jail have priority in appointment over those released on bond.

The rights plaintiffs seek to vindicate in the present case have recently been articulated by the United States Supreme Court with great clarity. Only a year and a half ago, the Court held that "the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full." Tate v. Short, 401 U.S. 395, 398, 91 S.Ct. 668, 671, 28 L.Ed.2d 130 (1971) (quoting Morris v. Schoonfield, 399 U.S. 508, 509, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970) ). *See* Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Even more recently, the Court held "that absent a knowing and intelligent waiver, no person may be imprisoned [for any offense] . . . unless he was represented by counsel at his trial." Argersinger v. Hamlin, supra, 407 U.S. at p. 47, 92 S.Ct. at p. 2017, 32 L.Ed.2d at p. 538. The Court went on to say that this holding "is applicable to all criminal prosecutions, including prosecutions for violations of municipal ordinances. The denial of the assistance of counsel will preclude the imposition of a jail sentence." *Id.*, 407 U.S. at p. 38, 92 S.Ct. at p. 2013, 32 L.Ed.2d at p. 539 (quoting Application of Stevenson, 458 P.2d 414, 419 (Or.1969) ).

This Court holds that these clear rights are being violated with the result that many citizens are being unlawfully deprived of their personal liberty. The Court concludes further that there is im-

---

2. In some circumstances, a prisoner's jail time may be tolled at the rate of only two dollars per day:

> *Credit for Employment.* Any prisoner sentenced to the custody of the Sheriff by the Municipal Court for failure to pay a fine or serving a sentence imposed by the Municipal Court as an alternative to the payment of a fine shall not be entitled to a credit for good conduct under Section 306.301, but shall receive a credit to be applied against the fine as follows:

> (a) If the prisoner satisfactorily performs such work as may be assigned by the Sheriff or is determined by the institutional physician to be medically unable to perform work, five dollars per day.
> (b) If the prisoner unsatisfactorily performs such work as may be assigned by the Sheriff or refuses to work after being determined by the institutional physician to be medically able to perform work, two dollars per day. Ord. 69-296-461, Sec. 2, Jacksonville, Fla., Code § 306.302 (1971).

minent danger that members of the class of indigent citizens facing prosecution in the Municipal Court will similarly have their clearly established constitutional rights violated and suffer irreparable harm by being unlawfully deprived of their personal liberty.

■ Plaintiffs may not, however, invoke the equitable jurisdiction of this Court if there exist adequate remedies at law.[3] In this situation, the alternative to equitable, prospective relief is that each indigent citizen petition for a writ of habeas corpus after he has been confined unlawfully. This alternative is manifestly inadequate because no remedy is available until after irreparable damage has been sustained and may, because of the time necessarily involved in such proceedings, prove unavailable at all.[4]

In deciding that 42 U.S.C. § 1983 is an exception to the anti-injunction statute, Mr. J. Stewart, writing for the Court in Mitchum v. Foster, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (U.S. June 19, 1972), said:

[W]e do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.

For the reasons discussed above, an injunction in this case is fully consonant with "the principles of equity."

■ The Court also concludes and holds that injunctive relief is fully consistent with the views of comity and federalism expressed in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) and in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971) and companion cases.[5] The plaintiffs in the present case do not ask that enforcement of any ordinance of the City of Jacksonville or any law of the State of Florida be enjoined or that any ordinance or law be invalidated. They do not ask that any conduct be made unpunishable. Although the first amendment rights which were the subject matter in Younger and the other cases are of the greatest importance, personal liberty is surely no less important. See Pugh v. Rainwater, 332 F. Supp. 1107 (D.C.1971).

It is, accordingly,

Ordered:

■ 1. Defendant Donald G. Nichols, as prosecuting attorney for the Municipal Court of Jacksonville, his agents and employees, are hereby enjoined from depriving indigent citizens facing prosecution in the Municipal Court of Jacksonville of their right to counsel by prosecuting any indigent citizen in the Municipal Court of Jacksonville for any offense punishable by imprisonment, including any offense punishable by fine, when the fine may be

---

3. This ancient principle of equity jurisprudence is to be distinguished from the right of these plaintiffs to elect as between state and federal forums in seeking to vindicate federal rights. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961).

4. This may be seen from a post-Argersinger sample of the right-to-counsel city prisoner habeas cases that have reached this Court: Chandler v. Carson, No. 72–537–Civ–J–M (M.D.Fla. July 19, 1972) (petitioner released on his own recognizance by this Court while he pursues his state remedies; at the time of release, he had served 33 days of the 75 day sentence imposed in the Municipal Court); Coleman v. Carson, No. 72–672–Civ–J–M (M.D.Fla. Sept. 13, 1972) (dismissed for failure to exhaust; aggregate sentences

of 105 days imposed for public intoxication); Poythress v. Carson, No. 72–579–Civ–J–M (M.D.Fla. Sept. 14, 1972) (released on his own recogizance after having served 46 of 70 days); Johnson v. Carson, No. 72–535–Civ–J–M (M.D.Fla. Sept. 18, 1972) (dismissed as moot after 75 days' incarceration); Odom v. Carson, No. 72–538–Civ–J–M (M.D.Fla. Sept. 18, 1972) (dismissed as moot after 60 days' incarceration).

5. Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971).

automatically or administratively transformed into a jail term for nonpayment, unless

(A) the defendant is represented by counsel; or unless

(B) the defendant has made a waiver which is intelligent and voluntary in the opinion of the judge of the Municipal Court after

(i) the defendant has been informed:

(a) that he has a constitutional right to be represented by an attorney at every stage of the proceedings from that point on; and

(b) that if he is unable to afford an attorney, the Court will promptly appoint an attorney for him without cost or obligation to him; and

(c) that he is not required to have an attorney if he does not so desire; and

(d) what the charge or charges are and what the range of allowable punishment is for the charges individually and the maximum collectively; and

(e) what lesser included offenses there are, if any;

and after

(ii) defendant has been asked

(a) if he understands that he has a right to an attorney; and

(b) if he wishes to have an attorney and is able to obtain counsel for himself; and, if unable,

(c) if he wants the Court to appoint counsel for him.

■ 2. Any written waiver shall be executed by a defendant only after it has been read to him and he has had an opportunity to ask questions about it.

■ 3. If an accused who is released on bail asks that the Court appoint a lawyer for him, defendant Donald G.

Nichols, as prosecuting attorney for the Municipal Court of Jacksonville, his agents and employees, are enjoined from prosecuting him for any offense punishable by imprisonment, including an offense punishable by fine, when the fine may be automatically or administratively transformed into a jail term for nonpayment, unless

(A) the judge of the Municipal Court determines that the accused is in fact able to afford the services of a lawyer and gives the accused opportunity to retain counsel; or unless

(B) the judge of the Municipal Court determines that the accused is unable to afford the services of a lawyer and appoints counsel to represent the accused.

■ 4. If an accused who is incarcerated asks that the Court appoint a lawyer for him, defendant Donald G. Nichols, as prosecuting attorney for the Municipal Court of Jacksonville, his agents and employees, are enjoined from prosecuting him for any offense punishable by imprisonment, including an offense punishable by fine, when the fine may be automatically or administratively transformed into a jail term for nonpayment, unless

(A) the judge of the Municipal Court determines that the accused is in fact able to afford the services of a lawyer and forthwith gives the accused opportunity to retain counsel; or unless

(B) the judge of the Municipal Court determines that the accused is unable to afford the services of a lawyer, and either

(i) makes immediate appointment of counsel; or

(ii) defers appointment of counsel but immediately holds a bail hearing, giving special attention to affording indigent citizens their eighth amendment right to bail.