ARMSTRONG, Judge.
The defendant, Gerald A. Brooks, and his co-defendant, Carey Smith, were charged with a violation of R.S. 14:69B(2), relative to the offense of possession of stolen property valued in excess of $100.00 but less than $500.00. The co-defendant pled guilty as charged. Following a trial by jury, the defendant was found guilty as charged and, pursuant to a multiple bill filed by the prosecution, was sentenced as a second offender to serve one year at hard labor with credit for time served without “good time” and to pay court costs of $30.00 or serve thirty days in default thereof. It is from this sentence that the defendant has appealed.
A review of the record reflects that there are no errors patent.
In his only assignment of error, the defendant asserts that the trial court erred in imposing court costs with an additional thirty days in jail in default thereof. The defendant argues that this sentence is illegal due to his indigency despite the fact that the additional thirty days would not extend his sentence beyond the maximum which could be imposed for the offense of possession of stolen property valued between $100.00 and $500.00 and enhanced by a multiple bill.
C.Cr.P., art. 884 mandates that if a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment the defendant shall be imprisoned for a specified period not to exceed one year.
It is well settled that an indigent defendant may not be given a term of imprisonment in lieu of a fine or costs when to do would mean that the defendant would have a term of imprisonment longer than the statutory maximum. William v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Williams, 288 So.2d 319 (La.1974).
The defendant, herein, was represented by the Orleans Indigent Defender Program, and can, therefore, be considered an *353 indigent. State v. Helsley, 457 So.2d 707 (La.1984). The defendant’s maximum sentencing liability under R.S. 14:69B(2) was imprisonment, with or without hard labor, for not more than two years, or a fine of not more than $2,000.00, or both. His maximum sentence as a second offender under R.S. 15:529.1 would have been four years at hard labor. The defendant was sentenced as a second offender to one year at hard labor, no fine, and assessed $30.00 in court costs or serve thirty days in default. This sentence is clearly well below the maximum sentencing range even if the defendant should have to serve the additional thirty days in default of paying court costs.
The defendant in this case, however, citing Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) and Morns v. Schoonfield, 399 U.S. 508, 509, 90 S.Ct. 2232, 2233, 26 L.Ed.2d 773 (1970), contends that the automatic conversion of a fine into a jail term for an indigent violates the constitutional guarantee of equal protection, even if the total jail term is less than the maximum which might have been imposed. This argument was considered but rejected by this court in two recent decisions: State v. Williams, 480 So.2d 432 (La.App. 4th Cir.1985) and State v. Garrett, 480 So.2d 412 (La.App. 4th Cir.1985). The Louisiana Supreme Court, however, granted certiorari in both Garrett and Williams. The Court, while affirming the convictions, amended the sentence in each case to delete only that portion which imposed additional jail time on the indigent defendant if in default of the payment of a fine and/or costs. In neither case did the possible additional imprisonment exceed the statutory maximum sentence. State v. Williams, 484 So.2d 662 (La.1986); State v. Garrett, 484 So.2d 662 (La.1986).
Accordingly, the defendant’s conviction is affirmed but his sentence is amended to delete only that portion which imposes thirty additional days in default of the payment of $30.00 in court costs.
AFFIRMED and AMENDED.