STOKER, Judge.
Joseph Robertson, Jr. was tried for aggravated battery and was convicted of second degree battery, a violation of LSA-R.S. 14:34.1. He was sentenced to serve four years at hard labor, and to pay a fine of $2,000. An additional year was imposed in the event that he should default on the fine. On appeal, the defendant argues that the sentence is illegal on three grounds.
SENTENCING GUIDELINES
The appellant charges that the trial judge did not adequately articulate his considerations in sentencing and failed to give the proper weight to mitigating circumstances.
LSA-C.Cr.P. art. 894.1 sets forth sentencing guidelines, but does not require that every aggravating and mitigating circumstance be articulated. State v. Grey, 408 So.2d 1239 (La.1982).
The trial judge gave thorough reasons for the sentence. In the defendant’s favor, the judge noted that he had no prior felony convictions, that he was young, had been honorably discharged from the military, and had held worthwhile employment in the past. Offsetting these mitigating factors were the nature of the crime, the injury caused to the victim, the defendant’s history of misdemeanor convictions, and his apparent resistance to reformation.
The trial judge adequately complied with the requirements of LSA-C.Cr.P. art. 894.1. Further, he did not err in concluding that the aggravating circumstances in this case far outweighed the mitigating factors, and that a substantial sentence was warranted. A sentence will not be reversed absent manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). We find no such abuse in this case.
POLICE LOG
The appellant argues that the trial judge improperly considered the contents of a police log in sentencing him. The log contained references to arrests which did not lead to convictions. The trial judge stated that he was considering only convictions, of which there were several. In any case, the court was not limited to considering only criminal activity leading to conviction. State v. Brown, 410 So.2d 1043 (La.1982).
SENTENCE FOR DEFAULT IN FAILURE TO PAY
The appellant contends that the portion of his sentence which imposes an additional one-year sentence for the nonpayment of the fine is unconstitutional in light of his indigency. La.C.Cr.P. art. 887 expressly provides for the imposition of a determinate sentence not to exceed one year in the event of default of payment of a fine imposed for a felony offense. In the case of an indigent defendant, it is impermissible to impose a prison term in lieu of fine payment that would result in the defendant’s serving a longer term than the statutory maximum for the offense. Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); State v. Lukefahr, 363 So.2d 661 (La.1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979).
It would appear that the rationale of these cases would not apply in this situation, as the combination of the initial sentence and the default term do not exceed the maximum sentence under LSA-R.S. 14:34.1 of five years. We note, however, that the Supreme Court has granted writs in several cases to delete the additional term, citing Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); and Williams, supra. State v. Garrett, 484 So.2d 662 (La.1986); State v. Barlow, 488 So.2d 180 (La.1986); State v. *990 Bartie, 488 So.2d 180 (La.1986); State v. Pinkney, 488 So.2d 682 (La.1986); State v. Grant, 490 So.2d 272 (La.1986). These cases did not involve indigent defendants who had been sentenced to the maximum term and, therefore, might have been subjected to a penalty longer than statutorily mandated. The Supreme Court gave no explanation for its actions beyond the citation to the above referenced cases.
We are in accord with the First Circuit, which concluded in State v. Bohanna, 491 So.2d 756, 759-760 (La.App. 1st Cir.1986):
“The Louisiana Supreme Court has evidently determined that indigent defendants may never be subjected to confinement in lieu of payment of a fine. Although we are not persuaded that this course is correct or that it will untimely benefit indigents (who may be subject in the future to a longer base term of imprisonment with this fettering of the court’s sentencing discretion), we are required to proceed accordingly. Although we have the right to disagree, we do not have the right to disobey. Since that court has found that a fine imposed on an indigent defendant is an illegal sentence, the penalty must be vacated. The sentencing function, however, belongs to the trial court. Therefore, we vacate the sentence imposed herein and remand the matter back to the trial court for resen-tencing in accordance with the above reasons.”
For the reasons given above we affirm the defendant’s conviction. The sentence is amended to delete that portion of the sentence which imposes an additional imprisonment of one year in the event defendant should default in the payment of the fine imposed or court costs. With this amendment the sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.