588 So.2d 392 (1991)
STATE of Louisiana
v.
Vester L. PATTERSON, a/k/a Gilbert Patterson.
No. 90-KA-0615.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1991.
*393 Harry F. Connick, Dist. Atty., David L. Arena, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
*394 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Vester Patterson, etc.
Before KLEES, BYRNES and PLOTKIN, JJ.
KLEES, Judge.
The defendant Vester Patterson a/k/a Gilbert Patterson was charged by bill of information, with violating R.S. 14:95.1 relative to being a convicted felon in possession of a firearm. On January 4, 1990, a twelve-person jury found the defendant guilty as charged. The defendant was sentenced to serve five years at hard labor without the benefit of probation, parole, or suspension of sentence. He was also sentenced to pay a fine of $1,000 or serve thirty days in jail and to pay court costs of $159.00 or serve thirty days in jail. This appeals follows.
FACTS
On September 29, 1989, Officer Charles Montgomery, Agent Charles Smith, Detective Howard Gay, and an agent of the Immigration Service were working together as part of a narcotics task force. At around 4:00 a.m. they were travelling in an unmarked police vehicle on Olive Street when they saw the defendant and another man sitting on the steps in front of 7206 Olive Street. Detective Gay recognized the house and knew it was abandoned because of a previous search. When the defendant saw the officers' car, he became fidgety, got up, walked toward an alley, pulled a gun from his waistband, and threw it under the house. Officers Montgomery and Smith retrieved the gun from under the house while Detective Gay detained the defendant. Officer Montgomery testified that the gun was clean and dry, but the area under the house was wet and full of trash.
Officer William Sable, a fingerprint expert, testified that the defendant's fingerprints matched those on a bill of information from case number 336-990. That bill of information charged a simple burglary on July 27, 1989. Officer Sable also matched the defendant's fingerprints with those on an arrest register in the name of Vester L. Patterson a/k/a Gilbert Patterson for the charge of simple burglary on July 27, 1989. The State later introduced the court record from case number 336-690.
The defendant testified at trial. He admitted that he was convicted of simple burglary in 1989. He denied having been in possession of the gun.
ERRORS PATENT
The only error patent pertains to appellant's sentence and is discussed under the second assignment of error.
ASSIGNMENT OF ERROR NO. 1
Both counsel and the appellant in a pro se brief argue that the trial court erred when it denied the motion to suppress the physical evidence. They argue that the officers did not have reasonable suspicion to approach the defendant and thus any property abandoned by him was illegally seized.
Reasonable cause for an investigatory stop is something less than probable cause for arrest and must be determined under the facts of each case. The issue is whether the officers had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from government interference. The right to make an investigatory stop must be based upon reasonable cause to believe that the suspect has been, is, or is about to be engaged in criminal activity. State v. Ossey, 446 So.2d 280 (La.1984), cert. den. Ossey v. Louisiana, 469 U.S. 916, 105 S.Ct. 293, 83 L.Ed.2d 228 (1984). State v. Belton, 441 So.2d 1195 (La.1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Andrishok, 434 So.2d 389 (La. 1983). The detaining officer must have knowledge of specific, articulable facts which reasonably warrant the stop. State v. Lee, 462 So.2d 249 (La.App. 4th Cir. 1984). The totality of the circumstances must be considered in determining whether reasonable cause exists. U.S. v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).
*395 La.C.Cr.P. art. 215.1 allows a police officer to stop a person in a public place whom "he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions." While flight, nervousness or startled behavior at the sight of a police officer is not in and of itself enough to constitute reasonable cause to make an investigatory stop, these facts may be highly suspicious and lead to a finding of reasonable case to detain the individual. State v. Belton, supra.
A person's liberty and privacy are not violated simply because a police officer attempts to talk with him as long as that individual is free to disregard the questioning and walk away. U.S. v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Lanter, 391 So.2d 1152 (La.1980); State v. Duplessis, 391 So.2d 1116 (La.1980). When an individual is actually stopped without reasonable cause or if a stop is imminent, the "right to be left alone" is violated, resulting in an illegal seizure. State v. Belton, supra.
When officers do not have the right to make an investigatory stop, property abandoned or otherwise disposed of as a result thereof cannot be legally seized. State v. Andrishok, 434 So.2d 389 (La. 1983). If, however, property is abandoned without any prior unlawful intrusion into a citizen's right to be free from governmental interference then such property may be lawfully seized. State v. Wheeler, 416 So.2d 78 (La.1982); State v. Williams, 398 So.2d 1112 (La.1981). In such cases, there is no expectation of privacy and, thus, no violation of a person's custodial rights. State v. Andrishok, supra. It is only where a citizen is actually stopped without reasonable cause or when that stop is imminent that the right to be left alone is violated thereby rendering unlawful any resultant seizure of abandoned property. State v. Chopin, 372 So.2d 1222 (La.1979).
Article 1, Section 5, of the Louisiana Constitution of 1974 protects against unreasonable searches, seizures, and invasions of privacy.[1] This clause is not the same and does not duplicate the Fourth Amendment of the United States Constitution. Instead, as was stated by the Louisiana Supreme Court in State v. Church, 538 So.2d 993, 996 (La.1989)
It represents a conscious choice by the citizens of Louisiana to give a "higher standard of individual liberty than that afforded by the jurisprudence interpreting the federal constitution." State v. Hernandez, 410 So.2d 1381 at 1385 (La. 1982).
In Church, the Court found that although a DWI roadblock may have met federal constitutional standards, it was an unconstitutional invasion of the privacy guaranteed by the Louisiana Constitution.
The Court in Hernandez, supra, also made it clear that in some instances Louisiana courts cannot be bound by the decisions of the United States Supreme Court:
We, of course, give careful consideration to the United States Supreme Court interpretations of relevant provisions of the federal constitution, but we cannot and should not allow those decisions to replace our independent judgment in construing the constitution adopted by the people of Louisiana.
Therefore, the determination to be made in this instance is whether the defendant has been "seized", this would occur when the police have made it appear that some form of detention was imminent, thus invading the defendant's privacy interest. If the defendant's right to privacy has been invaded, without regard to whether physical force has been applied to the person or whether the person has submitted to a show of authority, then the State must show that the officers had probable cause or reasonable suspicion to do so, depending *396 on whether an arrest or merely an investigatory stop has occurred.
The facts of this case show that the defendant abandoned the gun after the police officers exited the vehicle, identified themselves, and told the defendant to freeze. These actions indicate that the defendant's freedom to leave had been interfered with, especially given that there were four officers involved. The issue is then whether the officers were in possession of facts and knowledge to have a reasonable suspicion that the defendant had been, was, or was about to engage in criminal activity.
The appellant argues that the only articulated fact which the officers had was that the defendant got up and acted fidgety when he observed their vehicle. However, there were additional facts. Detective Gay testified that the defendant was sitting on the steps of a house he knew to be abandoned. Detective Gay also testified that he saw the butt of a gun in the defendant's waistband before he pulled the vehicle over. Officer Montgomery testified that when the defendant saw the vehicle he began fidgeting and fumbling around with the front of his pants. According to Montgomery, he commented to Detective Gay "I hope he's not reaching for a gun. I think he's reaching for a gun." The officers also testified that the other person sitting on the steps acted normally whereas the defendant's actions were suspicious.
The appellant is correct in his argument that mere nervousness or flight is insufficient for reasonable suspicion. State v. Edwards, 530 So.2d 97 (La.App. 4th Cir. 1988) writ den., 533 So.2d 19 (La.1988); State v. Williams, 572 So.2d 756 (La.App. 4th Cir.1990), writ den., 576 So.2d 30 (La. 1991). In this case, in addition to the defendant's "fidgety" actions, Detective Gay testified he saw the butt of a gun in the defendant's waistband. Officer Montgomery did not actually see a gun but believed that defendant had one. All of the officers testified that even before the vehicle was pulled over the defendant was fumbling with his waistband. Given this testimony, it appears that the officers had reasonable cause for an investigatory stop.
This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 2
The second error assigned by appellant in the brief filed by counsel is that the sentence is illegal because the court ordered that the defendant, an indigent, to serve jail time in default of payment of a fine. Although appellant assigns only the jail time in lieu of the fine, the court also imposed jail time in default of payment of court costs.
Imposing jail time in lieu of payment of mandatory fines is illegal if the defendant is an indigent. State v. Williams, 484 So.2d 662 (La.1986). The defendant is presumed indigent because he was represented by appointed counsel. State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985). Also, the provision that defendant serve jail time in lieu of payment of court costs is illegally excessive. State v. Brooks, 489 So.2d 352 (La.App. 4th Cir. 1986).
The State concedes that under prevailing case law the imposition of jail time in default of payment of a fine renders the sentence illegally excessive and that the imposition of jail time should be deleted. The deletion should apply to both the jail time imposed for nonpayment of the fine and for nonpayment of the court costs.
This assignment of error has merit.
ASSIGNMENT OF ERROR NO. 3[2]
The appellant argues that the State failed to present sufficient evidence to support his conviction. The argument is made in separate briefs. His first brief consists of an argument that the State failed to prove the element of possession. In his second brief, he argues that the State failed to prove less than ten years had elapsed since the completion of the sentence from the prior conviction.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could *397 have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. R.S. 15:438. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
The defendant was charged and convicted of violating R.S. 14:95.1 which prohibits persons who have been convicted of committing certain enumerated felonies from possessing a firearm or carrying a concealed weapon. The bill of information charged defendant with having been previously convicted of simple burglary, which is one of the felonies enumerated in R.S. 14:95.1.
Testimony at trial on the issue of defendant's possession of a firearm consisted of Detective Gay's statements that he observed the butt of a gun in the defendant's waistband and the testimony of Officer Montgomery that he saw the defendant throw an object under the house. Montgomery further testified that he found a gun under the house and that the gun was clean and dry but the area under the house was not. Based on this testimony, the State presented sufficient evidence from which to find beyond a reasonable doubt that the defendant possessed the gun which was ultimately discovered by Officer Montgomery and submitted into evidence.
The appellant contends that the State's failure to link the gun to him by way of fingerprint evidence rendered the evidence insufficient. There is no authority for this contention. Officer Montgomery's testimony regarding the condition of the gun when it was found, although circumstantial in nature, provided a sufficient basis for the jury's finding.
The appellant also argues that the State was required to affirmatively show the completion date of the sentence from the predicate offense. He apparently reaches this conclusion because R.S. 14:95.1 C(1) provides that the prohibition against possessing a firearm does not apply if ten years has elapsed since the date of completion of the sentence, probation, parole, or suspension of sentence.
The evidence at trial regarding the prior felony showed that the offense for which he was convicted occurred in July 1989. The present offense occurred on September 20, 1989, less than one year later. Because it is clear that less than ten years elapsed between the dates of the convictions, the date of the completion of the sentence is irrelevant. State v. Armstead, 542 So.2d 28 (La.App. 4th Cir.1989) writ den. 566 So.2d 391 (La.1990).
The appellant also argues that he was convicted because of perjured testimony given by Detective Gay. The appellant's contention is that at the motion to suppress hearing Detective Gay testified that he could not determine that the defendant had a gun in his waistband, but at trial his testimony was that he realized it was a gun while the officers were still in the vehicle.
The record does not support the appellant's contention. At the motion to suppress hearing, on cross-examination, Detective Gay testified that while still in the vehicle he was able to tell that defendant had a gun.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
In his next assignment of error, the appellant contends that his counsel was ineffective because he failed to object to Detective Gay's perjured testimony. That testimony, as discussed above, was not "perjured." Although his trial testimony was *398 more emphatic, Detective Gay's testimony was not so differing that it could be deemed perjured. In any event, an objection to testimony would not have been appropriate.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 5
In his last assignment of error, appellant contends that the bill of information charging him with violating R.S. 14:95.1 was deficient. His argument is that the bill must state the date of the prior felony conviction in the bill of information.
The appellant states no authority for this contention. The bill of information follows the short form authorized by C.Cr.P. art. 463. It includes the date of offense, the type of firearm, and the particular felony for which defendant had previously been convicted.
This assignment of error lacks merit.
Accordingly, defendant's conviction is hereby affirmed. Defendant's sentence is hereby amended to delete the provisions requiring that he serve jail time in default of payment of the fine and court costs and as amended is affirmed in all other respects.
SENTENCE AMENDED AND AFFIRMED.
NOTES
[1] Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court.
[2] The appellant in his first pro se brief did not number his assignments. In his second brief number 3 is his argument on the motion to suppress issue.