WRIT GRANTED; MADE PEREMPTORY; REMANDED.

In this case of first impression, we are called upon to construe La. R.S. 32:309(C) which provides in pertinent part that “all lighting devices ... mounted on the rear of any vehicle shall display or reflect a red color ... except that the light emitted by a backup lamp shall be white.” The issue presented is whether a cargo lamp, located on the back side of a pickup truck’s passenger area, is mounted “on the rear” of said vehicle. Trooper Harvey Bonner testified that at a little past midnight on March 15, 2004 he made a traffic stop on the defendant and his pickup truck. Trooper Bonner made the stop solely because the truck’s white cargo light was activated. He testified that he makes stops on that basis “quite often” just to advise the drivers to turn off the lights which may distract or blind drivers behind them. On this occasion, as soon as defendant Brown got out of his truck, Bonner noticed Brown was intoxicated. After further investigation, Trooper Bonner issued citations for improper lighting under La. R.S. 32:309(C) and for DWI-first offense.
On cross, Trooper Bonner candidly agreed that the only reason for the traffic stop was that the rear cargo light was on. What he referred to as “the rear lights” of the vehicle, i.e. the brake lights and tail lights, were operating correctly. Those “rear lights” are located at the rear end of the truck bed. The cargo lamp is on the cab of the truck at its top and rear, but because it emits light to the rear, Trooper Bonner considered the light to be “the rear of the vehicle” for purposes of La. R.S. 32:309(C).
Common experience indicates that cargo lamps illuminate toward the rear of the truck upon which they are mounted. When such lights are illuminated at night, they easily may confuse or distract a following motorist to believe that a backup light is in use, which is what the pertinent Title 32 section is designed to regulate. Therefore, we disagree with the district court and conclude that such a white cargo lamp is mounted on the rear of the vehicle.
It is well settled that the right to make an investigatory stop must be based on reasonable cause to believe that the suspect has been, is, or is about to be engaged in criminal activity. State v. Rodriguez, 396 So.2d 1312 (La.1981); State v. Washington, 621 So.2d 114 (La.App. 2d Cir.1993); State v. Patterson, 588 So.2d 392 (La.App. 4th Cir.1991); State v. Thibodeaux, 531 So.2d 284 (La.App. 3d Cir. 1987).
*1278 Here, the basis for the initial traffic stop was the trooper’s belief that a rear-facing white lamp was being used improperly. Under the traffic code, this gave a reasonable basis to believe an offense was being committed. Accordingly, there was a valid traffic stop. The evidence of intoxication discovered as a result of that stop is admissible at trial.
The writ is granted and made peremptory. The matter is remanded for further proceedings.