ON MOTION TO REVIEW ORDER DENYING MOTION FOR SUPERSEDEAS
SPECTOR, Judge.
Appellants seek review and reversal of an order entered by the trial court denying appellants’ . motion for supersedeas pending determination of an interlocutory appeal to review an order entered against them by the trial court by which appellants are enjoined from operating and maintaining a business known as The Book Mart in Panama City, Florida. F.A.R. 5.1, 32 F.S.A. provides that the question of supersedeas pending interlocutory appeal is one within the sound discretion of the trial judge. F.A.R. 5.10 provides that where the lower court refuses to grant a supersedeas or stay, as has occurred in the case at bar, the said refusal may be reviewed and overruled, modified or discharged by the appellate court if the order denying supersedeas is determined to be arbitrary or unreasonable or is for any other reason improper.
ín the lower court’s temporary injunction order, the following recitation appears :
“On the basis of evidence submitted, this Court concludes preliminarily that the defendants’ objective at 19 Harrison Avenue, Panama City, Florida is the selling of obscene, lewd and indecent material for profits (the court notes the apparent exorbitant prices at which these publications are offered for sale), to paying customers who have a perverted, abnormal or morbid sexual curiosity and erotic appetite. That the activities of the defendant at 19 Harrison Avenue, Panama City, Florida are prima facie, injurious and damaging to the morals and manners to the people of the State of Florida and are prima facie subversive to public order and decency and prima facie constitute a public nuisance. Plaintiff has demonstrated prima facie irreparable harm and damage to the morals and welfare and safety of the people of the State of Florida.”
The above paragraph is preceded by findings which describe the nature of the materials submitted to the trial judge as being representative of the books and magazines being sold by appellants.
In view of -the court’s findings of fact and conclusions as above set out, it cannot be said that the lower court acted arbitrarily, unreasonably or capriciously in denying appellants’ motion for supersedeas pending this interlocutory appeal. The trial judge’s denial of supersedeas fell well within the discretionary authority reposed in him by F.A.R. 5.1.
Appellants having failed to demonstrate error in the order being reviewed, the motion for supersedeas is denied.
JOHNSON, C. J., and RAWLS, J., concur.