SPECTOR, Judge.
This is an interlocutory appeal seeking reversal of an interlocutory order enjoining appellants from selling obscene literature and enjoining appellants from conducting the business of selling obscene literature in violation of Section 847.011, Florida Statutes, F.S.A., and further holding that said conduct by appellants constituted a public nuisance within the purview of Section 823.05, Florida Statutes, F.S.A.
*160 The temporary injunctive order was entered after notice and prompt hearing at which appellants were represented by counsel. Evidence was taken at the hearing, including the admission in evidence of a group of magazines which the parties stipulated were representative of those being sold by appellants in the conduct of their business. Although appellants had ample opportunity to so demonstrate, no assertion or showing was made at the hearing that magazines or printed materials other than those of the kind received in evidence were being sold, had been sold or were present in the premises for the purpose of sale. Thus, there was no evidence before the trial judge that appellants were exercising or intended to exercise protected first amendment rights by the sale of non-obscene materials. The trial judge after notice and hearing specifically found the exhibits admitted in evidence were representative of all of the materials being sold and that the same were obscene because when taken as a whole they appealed to prurient interests, had no redeeming social value and, applying contemporary community standards, were patently offensive.
A review of the evidence before the trial court leaves no doubt that the materials involved were properly held to be obscene and thus not protected by the First Amendment of the United States Constitution. See this court’s recent opinion in Collins v. State Beverage Department, 239 So.2d 613.
Although appellants contend that the trial judge’s action was violative of their first amendment rights because there was no prior judicial adversary proceeding before the injunctive order issued, the fact of the matter is that in the case at bar a prior adversary judicial hearing was actually held before the injunctive order issued. Moreover, the United States Supreme Court recently held that a prior adversary hearing is not a prerequisite to the validity of an arrest. Milky Way Productions, Inc. v. Leary, S.D.N.Y. 305 F.Supp. 288, affirmed 397 U.S. 98, 90 S.Ct. 817, 25 L.Ed.2d 78 (1970). We hold the same rule of law applicable to limited seizures. We also hold that in the case at bar appellants’ stipulation that the exhibits admitted in evidence were representative of all of the literature being held by them for sale precludes any contention by appellants that they had any nonobscene matter for sale and that the injunctive order reviewed herein had the effect of unlawfully depriving them of the right to sell protected first amendment materials. In essence, we hold that appellants’ stipulation that the exhibits considered by the trial judge were representative of all of the materials they desired to sell constituted an admission by them that they had no materials of a character other than that which was considered by the trial court.
See South Florida Art Theaters, Inc. v. State ex rel. Mounts, 224 So.2d 706 (Fla. App.1969), upholding issuance of an ex parte injunction under Section 847.011(7), Florida Statutes, F.S.A.
In this appeal appellants vigorously contend that the interlocutory order entered by the trial court effectively prohibits appellants from conducting a lawful business in the premises involved. We recognize that no person should be prohibited from conducting a lawful business. However, there was no evidence before the trial court that appellants were conducting or intended to conduct a lawful business in the subject premises as evidenced by their own admission at the hearing that the obscene exhibits were representative of all of their goods and wares. It well may be that appellants may desire to engage in a lawful business in the premises; however, notwithstanding that some months have passed since the injunctive order was entered, appellants have not yet manifested such intention by making application to the lower court for modification of its injunctive order as appellants are permitted to do by *161 Section 60.05(2) (d), Florida Statutes, F. S.A., as held by the Florida Supreme Court in Federal Amusement Company v. State ex rel. Tuppen, 32 So.2d 1 (Fla.1947). The State-had conceded thé right of appellants to seek such a modification of the injunc-tive order under the cited statute in its brief filed more than six months ago, but for reasons best known to appellants they have not availed themselves of said statutory remedy.
Appellants contention that the Florida obscenity statute is void for vagueness and impermissible overbreadth needs no elaborate discussion. The Florida Supreme Court held the subject statute constitutionally valid in State v. Reese, 222 So.2d 732 ■ (Fla.1969), and this court intends to adhere to that ruling unless the United States Supreme Court specifically holds that Florida’s obscenity laws are invalid. We have considered the cases from other jurisdictions, including those of inferior federal courts, but hold that we are bound only by the decisions of the Florida Supreme Court and the United States Supreme Court, neither of which tribunals have seen fit to expressly declare Florida’s obscenity law invalid. See our opinion in Mitchum v.' State, 237 So.2d. 72. We are not unmindful that a three-judge United States District Court of the Middle District of Florida, in Case No. 69-678-Civ-J [Meyer v. Austin; 319 F.Supp. 457], has held that Florida’s obscenity statute contravenes the Federal Constitution’s First Amendment; however, the force and effect of that judgment was rendered a nullity by an order staying the same entered by Justice Black on August 31, 1970.
For a further elucidation of the facts involved in this controversy, we also cite Mitchum v. State, 234 So.2d 420, 421.
The interlocutory order reviewed herein is affirmed and this appeal is dismissed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.