PER CURIAM.
The appellants, John C. Martin and Clarence Howard Cantey, were convicted in the County Judge’s Court in and for Bay County, Florida, for violation of Section 847.011, Florida Statutes, F.S.A. (included in F.S. chapter 847, F.S.A., dealing with obscene publications and profanity). Martin was convicted by a jury under three separate counts and Cantey under ten separate counts of selling or distributing obscene publications in Bay County, Florida.
The trial court imposed sentence upon each count of a fine of $500.00 or six months imprisonment, such alternative sentences to run consecutively. Martin paid his fines totaling $1,500.00 and was released from custody. Cantey did not pay the fines totaling $5,000.00 and subsequently was released from custody upon the posting of a $5,000.00 supersedeas bond. After *644 filing these appeals from the judgments of conviction and sentences thereon, the appellant, Cantey, filed an affidavit of indigency in this court stating his inability to pay the fines imposed upon him. The record is silent as to whether this appellant stated his indigency before sentence or whether the trial court inquired into the financial ability of the appellants to pay the fines imposed before or at the time of their imposition.
We have jurisdiction to review these judgments and sentences by virtue of the provisions of Article V, Section 4 of the Constitution of the State of Florida, F.S.A., for the reason that the trial court passed directly upon the validity of Section 847.011, Florida Statutes, F.S.A. We affirm the judgments of conviction of both appellants. State v. Reese (Fla.1969) 222 So.2d 732; State ex rel. Hallowes v. Reeves, State ex rel. Hallowes v. Rachleff, and State ex rel. Hallowes v. Kouroupis (Fla.1969) 224 So.2d 285; South Florida Art Theaters, Inc. et al v. State of Florida ex rel. Marvin • U. Mounts, Jr., etc. (Fla.App., Fourth District, 1969) 224 So.2d 706; Collins v. State Beverage Department (Fla.App., First District, 1970) 239 So.2d 613; Mitchum v. State (Fla.App. First District, 1971) 244 So.2d 159; Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498; Levin v. State, 1 Md.App. 139, 228 A.2d 487, cert. den. 389 U.S. 1048, 88 S.Ct. 767, 19 L.Ed.2d 840; Milky Way Productions, Inc. v. Leary, (D.C.S.D.N.Y.1969), 305 F.Supp. 288, affirmed 397 U.S. 98, 90 S.Ct. 817, 25 L.Ed. 2d 78, (1970); Gable v. Jenkins, (D.C.N.D. Ga.1969), 309 F.Supp. 998, affirmed 397 U.S. 592, 90 S.Ct. 1351, 25 L.Ed.2d 595, (1970).
The sentences imposed upon the appellant, Martin, are affirmed. We quash and set aside the sentences imposed upon the appellant, Cantey, and relinquish jurisdiction to the County Judge’s Court of Bay County, Florida, with directions that the trial court conduct an evidentiary hearing upon the question of the ability of said appellant to pay the fines imposed upon him, and thereafter to impose such sentences as shall be appropriate in light of the recent decision and opinion of the Supreme Court of the United States in Tate v. Short, decided on March 2, 1971, and reported in 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130.
It is so ordered.
ROBERTS, C. J., BOYD and McCAIN, JJ., and MASON, Circuit Judge, concur.
ERVIN, J., concurs in the conclusion.