PER CURIAM.
Petitioner, an indigent, plead no contest to, and was convicted of, six violations of municipal ordinances in the Municipal Court of Orlando, Florida. Each conviction resulted in alternative sentences requiring petitioner to either pay a fine or serve time in jail.[1] Being indigent, petitioner went to the Municipal Prison Farm.
He then petitioned for a writ of ha-beas corpus on the contention that he was forced to choose jail solely on account of his indigency, in violation of Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed. 2d 130 (1971) and Martin v. State, 248 So.2d 643 (Fla.1971). This Court granted the writ and dispensed with the return. We then relinquished jurisdiction temporarily to the Municipal Court of Orlando so that it could consider the nature of the fines imposed in light of Tate and Martin. In consequence, the Municipal Court modified its sentence: it vacated all money fines imposed, and reduced the total period of confinement from 240 to 90 days.
With this modification of petitioner’s sentences, any issue regarding the fines evaporates and no further question exists regarding a possible violation of Tate v. Short, supra, Williams v. Illinois, 399 U.S. *529 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) or Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970).
The writ heretofore issued is discharged.
It is so ordered.
CARLTON, ADKINS, BOYD and DEKLE, JJ., concur.
ERVIN, Acting C. J., dissents with opinion.

. For violation of Orlando Ordinance: 39.63, $250 or 30 days; 39.75, $100 or 30 days; 39.114, $150 or 30 days; 43.56-1, $300 or 60 days; second count of 39.144, $300 or 60 days; second count of 39.63, $250 or 30 days.