BLOM, APPELLANT, *v.* METZGER, APPELLEE.

[Cite as Blom v. Metzger (1972), 30 Ohio St. 2d 291.]

(No. 71-781—Decided June 21, 1972.)

*Mr. Frank S. Merritt, Mr. Joseph F. Vargyas* and *Mr. R. Michael Frank,* for appellant.

*Mr. Harry Friberg,* prosecuting attorney, and *Mr. Anthony G. Pizza,* for appellee.

*Per Curiam.* The judgment of the Court of Appeals is affirmed on two bases.

I

As noted in *In re Copley* (1972), 29 Ohio St. 2d 35, an application for a writ of habeas corpus, upon the basis of a claim of indigency made in another court, is a collateral attack on the sentence imposed by the trial court. The orderly administration of justice requires that requests for

"time to pay" a fine should be directed specifically to the trial court, which court can then evaluate the claim of *present* indigency and the necessity of an order providing for deferred or installment payments.[1]

In the instant case, there is no showing that any request was ever directed to the trial court for deferred or installment payment of the fine. Instead, habeas corpus was sought directly in the Court of Appeals. We conclude that, in accordance with the basic rationale adopted by this court in *Copley,* such a claim of indigency as it relates to a claimed inability to make immediate payment of a fine must be presented to and ruled upon by the trial court.

It is claimed herein that when the trial court, before accepting appellant's guilty plea, inquired as to whether he had counsel, appellant's response that he was "financially unable to employ counsel" is sufficient to inform the trial court of such a claim of "indigency" as would demonstrate inability to make immediate payment of the fine. While we believe that a more expeditious procedure would have been for the trial court to have initiated inquiry directed to the defendant's ability to pay the fine at such time, to have inquired whether an order authorizing deferred payment was being requested and to have then specifically ruled thereon, we conclude that such lack of inquiry should not serve as the basis for transferring the basic problem from the trial court, where it inherently belongs and where it can be solved by an order for deferred payment, to another court which can only grant or deny re-

---

[1] In this connection, note that nothing said by the United States Supreme Court in *Williams* v. *Illinois* (1970), 399 U. S. 235, *Morris* v. *Schoonfield* (1970), 399 U. S. 508, or *Tate* v. *Short* (1971), 401 U. S. 395, 28 L. Ed. 2d 130, *permanently* excuses an "indigent" from the payment of a fine. Those cases were concerned with the problem of "immediate payment" of such fine, and *Tate* even suggested that where states have attempted collection by installments or reasonable methods other than imprisonment for failure to make *immediate* payment, imprisonment might then be employed "when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means." *Tate, supra,* page 401.

lease from present custody.[2] Thus, assuming indigency, we conclude that habeas corpus would not lie, in any event, in the absence of a request first made to the trial court for deferred payment of the fine imposed.[3]

## II

The Court of Appeals, after testimony before it by appellant, concluded that he "was not indigent" and that he "was able to pay the fine imposed."

Appellant seeks to have this court declare, as a matter of law, that appellant must be considered as legally "indigent" because he "testified" that he had been unemployed "for several weeks," during which he drew $47 per week unemployment compensation to support his wife and himself; that he had only "one asset of value," an unencumbered 1962 Mercury which "he estimated" to be worth $400; and that "it was difficult for him to reach" his places of employment without a car because these places "were not always served by public transportation."

Upon the state of the brief record submitted here, described as a "Stipulation of Facts," we find no basis for overturning the conclusion of fact reached by the Court of Appeals.

For the reasons heretofore set forth, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.

---

[2]Since appellant was released from custody in August 1971, and pending hearing in the Court of Appeals and pending appeal to this court has remained out of custody, it would appear that as a practical matter he has been accorded the full benefits of an order for deferred payment. Although the evidence indicates that appellant had a take-home-pay of just over $200 per week in the building trade, when employed, we assume that the fine has not yet been paid since no motion to dismiss this case as being moot has been filed.

[3]Whether the remedy for an unwarranted denial of such request would be by habeas corpus or by appeal, is a question we need not decide at this time. See *In re Copley, supra* (29 Ohio St. 2d 35), footnote 6, page 38.