Mary LAYTON and Stanley Gregory
Walker, etc., Petitioners-
Appellants,

v.

Dale CARSON, as Sheriff of Duval Coun-
ty, Fla., et al., Respondents-
Appellees.

No. 73–1913

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 18, 1973.

Deitra Micks, Duval County Legal Aid
Assoc., Jacksonville, Fla., for petitioners-
appellants.

Charles W. Arnold, Jr., First Asst.
State Atty., Jacksonville, Fla., Reeves
Bowen, Asst. Deputy Atty. Gen., Dept.
of Legal Affairs, for respondents-ap-
pellees.

Before WISDOM, AINSWORTH and
CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from a dismissal by
the district court of a habeas corpus pe-
tition for failure to exhaust state reme-
dies. We conclude that it would be fu-
tile for the appellants to apply for re-
lief in the state courts. Accordingly, we
reverse the judgment of the district
court and remand the case for further
proceedings.

The appellants, Mary Layton and
Stanley Walker, were convicted of shop-
lifting in a Florida Justice of the Peace

---

* Rule 18, 5 Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Company of New

York et al., 5 Cir. 1970, 431 F.2d 409,
Part I.

Court and each was ordered to pay a $200 fine or spend 60 days in jail. Since they were indigents and unable to pay the fines, they were automatically committed to jail. Layton and Walker brought petitions for writs of habeas corpus in Duval County Circuit Court, alleging that they had been imprisoned solely because of their indigency.[1] The Circuit Court granted the writs, vacated the sentences, and remanded for resentencing. On remand the sentencing court, knowing that Layton and Walker were indigent, vacated the fines and sentenced them to 19 and 23 days' imprisonment respectively. Layton and Walker then filed habeas corpus petitions in federal district court challenging the constitutionality of the state court's action in resentencing them to imprisonment without providing them the option of paying a fine by some alternative means.[2] The district court dismissed their petitions for failure to exhaust state remedies. Layton and Walker brought this appeal, contending that resort to the state courts would have been futile in light of the Florida Supreme Court's decision in Phillips v. Allen, Fla. 1971, 255 So.2d 528.

 Petitioners for federal habeas corpus need not exhaust state remedies when it is plain that resort to the state courts would be futile. If the state's highest court has recently rendered an adverse decision in an identical case, and if there is no reason to believe that the state court will change its position, a federal court should not dismiss a petition for federal habeas corpus for failure to exhaust remedies. See Davis v. Smith, 5 Cir. 1970, 430 F.2d 1256;

Bruce v. Beto, 5 Cir. 1968, 396 F.2d 212; McDonald v. Moore, 5 Cir. 1965, 353 F.2d 106; Reed v. Beto, 5 Cir. 1965, 343 F.2d 723, aff'd on other grounds sub nom. Spencer v. Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606; Rowe v. Peyton, 4 Cir. 1967, 383 F.2d 709, aff'd, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed. 2d 426.

 In Phillips v. Allen, Fla.1971, 255 So.2d 528, decided little more than a year ago, the Florida Supreme Court had before it a case substantially similar to the present case. Phillips, an indigent, had been given an alternative sentence of jail or fine, and because of his inability to pay the fine he was imprisoned. His sentence was vacated on his application for state habeas corpus. On remand the sentencing court vacated his fines and resentenced him to a shorter term of imprisonment. Phillips challenged the modified sentence on the same theory advanced by the appellants in the present case. The Florida Supreme Court held that the modified sentence did not violate his constitutional rights, stating that:

> With this modification of petitioner's sentences, any issue regarding the fine evaporates and no further question exists regarding a possible violation of Tate v. Short, supra, Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) or Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970).

255 So.2d at 528–529.

Since the present case is indistinguishable from *Phillips*,[3] and since we find no reason to expect that the Florida Supreme Court would depart from

---

1. See Tate v. Short, 1971, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130; Morris v. Schoonfield, 1970, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773; Williams v. Illinois, 1970, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586; Frazier v. Jordan, 5 Cir. 1972, 457 F.2d 726.

2. See Frazier v. Jordan, 5 Cir. 1972, 457 F.2d 726, 729–730.

3. The appellee suggests that this case is distinguishable from *Phillips* in that, in

the present case, the sentencing judge learned that the appellants were indigent before resentencing them. Presumably the sentencing judge in *Phillips* had the same knowledge, however, since the Florida Supreme Court in *Phillips* directed reconsideration of the sentence in light of Tate v. Short, 1971, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130, and Martin v. State, Fla.1971, 248 So.2d 643.

its precedent in *Phillips,* it is apparent that resort by the appellants to the state courts would be futile. The district court therefore erred in dismissing their petitions for failure to exhaust state remedies.

Exhaustion is the sole point raised before this Court. The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion, but without intimating any view whatsoever on the merits of petitioner's claim.

Hays, Circuit Judge, concurred in part and dissented in part, and filed opinion in which J. Joseph Smith, Senior Circuit Judge and Oakes and Timbers, Circuit Judges, concurred.