Marion BURTON, Petitioner-Appellant,

v.

Charles GOODLETT, in his official capacity, as Chief of Police of Belle Glade, Respondent-Appellee.

No. 72-2973.

United States Court of Appeals, Fifth Circuit.

July 11, 1973.

Eric Haugdahl, Fla. Rural Legal Services, Inc., William S. Finger, Belle Glade, Fla., for petitioner-appellant.

John E. Baker, Belle Glade, Fla., Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Bruce S. Rogow, Miami, Fla., counsel of record on behalf of American Civil Liberties Union, amicus curiae, for appellant, Marion Burton.

Before COLEMAN, MORGAN and RONEY, Circuit Judges.

COLEMAN, Circuit Judge:

The Municipal Court of Belle Glade, Florida has twice attempted to impose a valid sentence upon Marion Burton, who pleaded guilty to two separate offenses of driving while intoxicated and who also pleaded guilty to bail jumping in connection with those offenses. Burton was denied habeas corpus relief in the U. S. District Court for the Southern District of Florida. He now appeals. We reverse and remand with directions that the Municipal Court be given the opportunity to impose a sentence consistently with the constitutional principles hereinafter discussed.

On April 18, 1972, upon his pleas of guilty, the Municipal Court of Belle Glade, Florida sentenced Burton as follows:

1. Case No. 37,626—Driving while intoxicated on January 8, 1972—50 days or a $250 fine, plus $5 costs, and revocation of driver's license for three months.

2. Case No. 38,727—Driving while intoxicated on April 13, 1972—40 days or $200 fine, plus $5 costs.

3. Case No. 38,743—Failure to appear pursuant to an appearance bond—20 days or a fine of $100, plus $5 costs.

The sentences imposed were to be served concurrently. The petitioner alleges that he was unable to pay the fines imposed and that his offer to pay his fines in installment payments was refused. His indigency (at least in a legal sense) is not contested.

Petitioner initially sought relief in the Circuit Court of the 15th Judicial Circuit of Florida by way of a petition for the writ of habeas corpus. On May 8, 1972, that Court entered its Order temporarily relinquishing jurisdiction to the Municipal Court of Belle Glade, Florida "to consider the nature of the fines imposed in light of Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) and Martin v. State, 248 So.2d 643 (Fla., 1971)".

Pursuant to that order, on May 11, 1972, the Belle Glade Municipal Court resentenced Burton to mandatory jail time as follows:

1. Case No. 37,626—mandatory imprisonment for 45 days and revocation of driver's license for one year.

2. Case No. 38,727—mandatory imprisonment for 35 days and revocation of driver's license for three months.

3. Case No. 38,743—mandatory imprisonment for 15 days.

Again, the sentences were to be served concurrently. In resentencing the petitioner, the municipal judge considered:

"the nature of the charges and the close proximity of the times upon which the [petitioner] operated his

vehicle while under the influence of intoxicants . . . ."

Nothing was said of the conduct of the defendant or of any other consideration which entered the picture subsequent to the date of the original sentence.

Thereafter, June 6, 1972, the cause was stayed by an Order of the U. S. District Court pending final determination of the petition for writ of habeas corpus then pending in the State Circuit Court.

On June 16, 1972, the State Circuit Court entered a final order dismissing the petition for writ of habeas corpus upon the authority of Phillips v. Allen, 255 So.2d 528 (Fla., 1971). In *Phillips* the Supreme Court of Florida, Chief Justice Ervin dissenting, held that resentencing a defendant to mandatory jail time does not violate the principles announced in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). We find no record to indicate that the Supreme Court of the United States was asked to review *Phillips*.

■ In light of *Phillips* it is unnecessary that the petitioner should further exhaust his state remedies, Mary Layton and Stanley Gregory Walker v. Dale Carson, 5 Cir., 1973, 479 F.2d 1275.

In Tate v. Short, *supra,* the Corporation Court of Houston, Texas, had jurisdiction to levy fines, but could not impose imprisonment. Fines totalling $425 had accumulated against Preston A. Tate for nine traffic violations. Not being able to pay the fines, he was sent to jail for 85 days to serve out the fines at the rate of $5 per incarcerated day. The Supreme Court held that Tate "was subjected to imprisonment solely because of his indigency", quoting from the views expressed by four Justices in Morris v. Schoonfield[1]:

"[T]he Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full."

The *Tate* Court further said that consistently with the Equal Protection Clause Texas could not "limit the punishment to payment of the fine if one is able to pay it, yet convert the fine into a prison term for an indigent defendant without the means to pay his fine".

The Court concluded with the caveat, "nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case".

Surely, such a caveat was an inescapable ingredient of the opinion. If indigents may avoid the payment of fines while those with funds or property are required to pay the penalty, we are a country in which some people are ruled by law while others are practically immune, at least as to offenses ordinarily punished by the exaction of a fine.

We were interested to see what the Texas Court of Criminal Appeals did with Tate's case when it came back on remand, Ex parte Preston A. Tate, Tex. Cr.App., 471 S.W.2d 404 (1971). That Court pointed out that the Texas Legislature had provided "alternative means" for the collection of fines and costs from indigents subject to such penalties. By these statutory "alternative means" the defendant may be ordered to pay the entire fine and costs at a later date, or he may be ordered to pay specified portions at designated intervals.

Obviously, the Supreme Court left the door open for the State to impose imprisonment upon an individual who fails to comply with such orders, certainly if the failure is wilful or otherwise unjustified.

We note, of course, that unlike the *Tate,* Court in Houston the Belle Glade Court could both fine and imprison.

1. 299 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970).

In actuality, however, the situation came to be the same. Burton was sentenced to fine or imprisonment, the intent of which was that if Burton did not immediately pay the fine he would serve the time. Upon failure to pay, the fine would immediately be transposed into imprisonment. This is what, as to indigents, Tate v. Short prohibited, Frazier v. Jordan, 5 Cir., 1972, 457 F.2d 726.

The Florida Circuit Court ordered the Municipal Court to comply with *Tate*. The defendant was resentenced, on his pleas of guilty. No fine was imposed. Instead, he has been sentenced to serve time in jail. Even if it did not violate Tate v. Short, this new sentence must pass the scrutiny of another decision of the Supreme Court, North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, as refined by the further decisions of that Court in Colten v. Kentucky, 1972, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584, and Chaffin v. Stynchombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 [1973].

*Pearce* held that neither the double jeopardy provision nor the Equal Protection Clause of the United States Constitution bars imposition of a more severe sentence upon reconviction of a defendant whose conviction has been set aside at his own behest. The imposition of a heavier sentence, however, to *punish* the defendant for getting his original conviction set aside would be a denial of · due process. An unexplained tripling of the previous sentence without any reason or justification for the increase would justify setting aside the second sentence, whether on direct appeal or on collateral attack.

Due process of law, the Supreme Court proceeded to say, 395 U.S. at 725, 89 S.Ct. at 2080, requires that vindictiveness and retaliatory motives on the part of the sentencing judge must play no part in the sentence a defendant receives after a new trial. Therefore, said the Court "[W]henever a judge imposes a more severe sentence upon a defendant after a new trial the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal".

In *Colten, supra,* the Suprem Court explained its rationale in *Pearce, supra,* by saying that it was concerned with the imposition of purposeful punishment for having successfully appealed and that it had imposed a rule to ensure the absence of vindictiveness against the defendant for having successfully attacked his first conviction, further ensuring that the apprehension of such vindictiveness would not deter the defendant's exercise of the right to appeal or to collaterally attack his first conviction.

In *Chaffin, supra,* the same reasoning was applied to the imposition of a higher sentence by a jury not informed of the prior sentence, there being nothing otherwise shown to be the product of vindictiveness.

As already pointed out, when the Belle Glade Municipal Court resentenced Burton it made the following statement with reference to the new sentence:

"This Court in imposing the foregoing sentences is of the opinion that, in this particular case, the conduct of the Defendant, the nature of the charges, and the close proximity of the times upon which the Defendant operated his vehicle while under the influence of intoxicants are such that the imposition of the fine alone would not constitute a sufficient deterrent."

It must be noted that the considerations there recited were all obviously known to the judge when he had first imposed the sentences. The record discloses no "objective information concerning identifiable conduct on the part of the defendant occurring after the time of

the original sentencing", 395 U.S. at 726, 89 S.Ct. at 2081.

Thus, if the second sentence was more severe than the first then that sentence was invalid.

We think the second sentence was more severe than the first. It is hardly arguable that being in jail is less severe than a diminution of the pocket book, see Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530.

We must agree with the words of Chief Justice Ervin in Phillips v. Allen, *supra*:

"It's all too patent a discrimination. If Petitioner had been given a prison sentence only and not a fine also originally there would be no discrimination. But to redo the judgment of conviction and impose imprisonment after the fact when it is established Petitioner is an indigent who couldn't pay the alternative fine is too neat a precedent which simply by indirection authorizes trial judges to impose alternative imprisonments after it develops indigents can't pay their fines."

Consequently, we reverse the judgment below and remand the case with directions that habeas corpus relief be extended Burton unless within thirty days after the receipt of the mandate in the District Court the Municipal Court of Belle Glade shall resentence Burton in conformity with this opinion.

It may be that Burton is not really an indigent. The record before us shows that he was regularly employed at a salary of $150 a week. He could afford a car, the gas, and the intoxicants to drive while intoxicated and be apprehended twice within three months. While on bail, he disdained to appear. Yet, the Municipal Court treated him as an indigent without specifically finding him to be such and the City did not contest it. That subject should be the first topic of inquiry and adjudication, with appropriate findings, if and when Burton comes up for resentence.

Moreover, we remind the Municipal Court that Tate v. Short, *supra,* expressly disclaims any notion of allowing an indigent to escape the penalty of the law simply because he is an indigent. We repeat the language: "nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case".

Nothing in this opinion is to be construed as an intimation that the Belle Glade Court could not have sentenced Burton to jail only, in the first instance. Nor do we infer that a sentence to jail or a fine as originally imposed in this case would be unconstitutional if Burton had been given the choice of the alternatives and if he had received Tate v. Short treatment upon a choice to pay the fines.

Reversed and remanded for further proceedings not inconsistent herewith.

Reversed and remanded.