**Howard ST. JULES et al., Petitioners-Appellants,**

**v.**

**Oscar SAVAGE et al., Respondents-Appellees.**

**No. 75–1387**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 12, 1975.

Rehearing and Rehearing En Banc Denied July 16, 1975.

Raul A. Rodriguez, pro se.

Dunklin Sullivan, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before · THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Appellant St. Jules, together with 12 other petitioners, all inmates of the Texas Department of Corrections, brought a "class action" habeas claim, challenging

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

the constitutionality of the former Texas enhancement statute, Art. 63 (now § 12.-42(d)) of the Texas Penal Code, V.T.C.A., as it applied to them and others similarly situated, who are serving mandatory life terms under Article 63 after having been convicted following pleas of not guilty. Appellant contends that: (1) the enhancement statute is used as a tool to coerce guilty pleas; and (2) the petitioners have been denied equal protection as members of a class since they have been subjected to greater punishment by electing to go to trial. He admits that, with the exception of petitioner Stratman, who applied unsuccessfully for state habeas relief on the same grounds, the petitioners have failed to exhaust state remedies, but he contends that this is an unnecessary requirement under Layton v. Carson, 5 Cir., 1973, 479 F.2d 1275, because the Texas Court of Criminal Appeals rendered an adverse decision in Stratman's case,[1] and there is no reason to believe that the state court will change its position.

The district court dismissed the petitioners' action without prejudice for failure to exhaust state remedies, holding that Layton v. Carson did not apply because the nature of sentencing is such that each challenge should be considered individually, and the petitioners had failed to show that the Texas Court of Criminal Appeals would not fairly consider the claim of each petitioner on the merits.

Appellants' challenge is aimed not at each individual sentence, however, but at the alleged systematic use of Article 63 to deprive appellants' and members of their class of their rights to due process and equal protection. In Stratman's case, the Texas court rejected, without opinion, this precise contention, the same contention which would be made by all other appellants. Appellants present a single constitutional challenge; individual consideration of each petition would

serve no useful purpose since the Texas court has made clear that it considers the point to be without merit. This is exactly the sort of situation for which the Layton rule was devised. We reverse and remand for proceedings not inconsistent with this opinion.[2]

---

1. In the unreported case of Ex parte Stratman, No. 2806 (Tex.Crim.App., September 7, 1973).

2. Our remand of this case is not to be taken as expressing any view as to the merits of any individual claim or the propriety of the class action. These matters are all left for the initial consideration of the district court.