**George Franklin KARR et al., Plaintiffs,**

v.

**Merle BLAY et al., Defendants.**

**Civ. No. C72–447.**

United States District Court, N. D. Ohio, W. D.

April 9, 1976.

Advocates For Basic Legal Equality, Toledo, Ohio, for plaintiffs.

Anthony G. Pizza, Lucas County Prosecutor, Joseph Goldberg, Toledo, Ohio, for defendants.

## OPINION AND ORDER

DON J. YOUNG, District Judge:

This cause comes to be heard upon motion of plaintiffs for summary judgment. Jurisdiction is predicated upon 28 U.S.C. § 1343(3) and (4) which empower this Court to hear actions to redress deprivations, under color of state law, of federal rights and to grant appropriate relief. The Court is authorized to grant declaratory relief pursuant to 28 U.S.C. § 2201 and further relief pursuant to 28 U.S.C. §§ 2202 and 2283. This cause of action arises under 42 U.S.C. § 1983, which is too well known to be required to be set forth in full herein.

## I.

What follows is a summary of those parts of the history of this action pertinent to ruling on this motion.

This action was originally brought by plaintiff George Karr on December 14, 1972, against defendants Judge Connors and Superintendent Blay, seeking to have § 2947.14 and § 2947.20 of the Ohio Rev. Code declared unconstitutional in that they authorized defendants to incarcerate plaintiff for failure to pay a fine imposed as a sentence without judicial inquiry into plaintiff's ability to pay the fine. Plaintiff requested the convening of a three-judge court to review the constitutionality of the statutory provisions. A three-judge panel was constituted by order filed July 2, 1973.

On June 18, 1974, in response to the motions of then plaintiff intervenors Stephan Pettaway, James Bursey, and Richard Lambrecht, the Court granted these named plaintiffs the right to intervene. As a result of the Court's order, Judges Roy Dague, Allen Andrews, and Marvyn Lachin, as well as Sheriff William Callanan, were joined as parties defendant.

Subsequent to the filing of the complaint, the Ohio Legislature enacted Ohio Rev.Code § 2929.12(F) and § 2929.22(F), which became effective January 1, 1974, and which prevent imposition of a fine in excess of an amount that a defendant can, or will be able to, pay. On September 6, 1974, plaintiffs, by leave of court, withdrew their motion for the convening of a three-judge panel on the ground that they no longer challenged the constitutionality of §§ 2927.14 and 2947.20, Ohio Rev.Code. Plaintiffs directed their attack only to the failure of defendants to comply with §§ 2929.12(F) and 2929.22(F). Accordingly, the three-judge panel was dissolved by memorandum and order filed November 14, 1974.

On September 6, 1974, plaintiffs also moved to have this action certified as a class action pursuant to Rule 23, Fed.R. Civ.P., as to both plaintiff and defendant classes. That motion was granted and the Court by order filed March 27, 1975, designated the plaintiff class and two defendant classes.

The plaintiff class consists of indigent inmates serving time in an Ohio prison or jail for failure to pay court ordered fines or costs because the judge who imposed the fine or costs did not determine at the time of sentencing whether or not the person was indigent.

One defendant class is defined as judges of the various Ohio courts having the power to impose a sentence upon a criminal defendant who fail to determine when a fine is imposed whether or not the person is able to pay it or who sentence indigent defendants to jail due to inability to pay fines or costs. The other defendant class in this suit consists of wardens or superintendents of Ohio's jails or prisons who have custody of these indigent inmates. Hereafter these classes will be referred to as the plaintiffs, the judges, and the wardens.

On August 14, 1975, the parties lodged a proposed consent order signed by defendants Connors, Lachin and Callanan. On that same day, plaintiffs moved for summary judgment against the remaining defendants on the basis of affidavits affixed thereto and various stipulations of fact, notably stipulations filed December 26, 1973; November 4, 1974; and August 1, 1975. Defendants opposed the motion, relying on the stipulations of fact, without submitting affidavits.

On December 6, 1975, a motion to intervene was filed by plaintiff intervenors George A. Fawbush and Harshal [sic] on behalf of themselves and persons similarly situated. That motion was denied by memorandum and order filed January 30, 1976.

This motion for summary judgment is therefore addressed to the claims against defendants Blay, Andrews, Dague, and the classes whom they represent.

## II.

It is clear that there are no disputes as to the material facts, practically all of which

have been stipulated. As shown by stipulations and affidavits, the facts are that some of the judges are imposing fines upon members of the plaintiff class without inquiry into their ability to pay, contrary to the provisions of Ohio Rev.Code §§ 2929.12(F) and 2929.22(F), and confining them to pay those fines, and that the wardens are confining the plaintiffs on the sentences imposed by the judges.

Plaintiffs seek a declaratory judgment declaring their rights under the Due Process and Equal Protection Clauses of the Constitution to be free of such illegal confinement. They also seek injunctive relief, to restrain the judges from imposing fines improperly and improperly confining plaintiff for failure to pay the fines, and to require the judges to comply with the applicable Ohio Statutes.

The defendants contend that the Ohio Supreme Court has not construed the Ohio Statutes, and that the state law as to the interpretation of these statutes is unsettled, so that the Court should abstain from acting at this time. They also make other contentions with respect to the inclusion of one of the named plaintiffs in the class of plaintiffs, mootness, and that the plaintiffs have adequate remedies at law.

## III.

As previously stated, it is clear that the case is in a posture for summary judgment, as there is no dispute as to the material facts or any inferences to be drawn from them. Rule 56, Fed.R.Civ.P.

■ There is no reason for abstention, even assuming that the Ohio Supreme Court has not yet construed the Ohio Statutes in question. Without making an analysis of the Ohio law, it is clear that when this action was commenced, the existing Ohio Statutes did not conform to the requirements of *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), and, in fact, the Supreme Court of Ohio had so held. *In re Jackson,* 26 Ohio St.2d 51, 268 N.E.2d 812 (1971). The only problem was that that court had also held that the claim of inability to pay must be asserted by the individual, *In re Copley,* 29 Ohio St.2d 35, 278 N.E.2d 358 (1972), and that the failure of the trial court to make inquiry into the ability to pay, or to inform the individual of his right not to be imprisoned if he were indigent, did not void the immediate conversion of a fine into imprisonment. *Blom v. Metzger,* 30 Ohio St.2d 291, 285 N.E.2d 48 (1972).

It is arguable that the adoption of §§ 2929.12(F) and 2929.22(F) of the Ohio Rev.Code, which became effective January 1, 1974, was intended to, and did, reverse the two latter decisions of the Supreme Court of Ohio. Certainly it was agreed by the parties, and found by this Court, that this legislative action eliminated any question of the constitutionality of the Ohio Statutes from this case. However, whatever conclusion the Ohio Supreme Court may ultimately reach as to the effect of the statutory changes upon its decision in the *Copley* and *Blom* cases is a matter of no consequence, for the new Ohio Statutes amply make clear that a criminal defendant has the right under the Constitution, as set forth in *Williams* and *Tate,* not to be imprisoned for non-payment of a fine if he were indigent, for they forbid the imposition of any fine at all upon an indigent defendant. No one can be imprisoned for failure to pay a fine which is not imposed.

■ This brings the case within the long-established and elementary constitutional rue that a defendant cannot be deprived of his liberty by an unknowing and silent waiver of his rights. In order for a member of the class of plaintiffs to waive his claim of indigency, the waiver must be competent and intelligent. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Hence, no member of the class of judges can, under the Ohio law, impose a fine in a criminal case until he has assured himself that the defendant has made a knowing and intelligent waiver of his right to have his ability to pay the fine determined.

Thus this case does not present any question of abstention, for it does not deal with questions of state law, but with long-standing general principles of constitutional law.

The other questions raised by the defendants, such as the definition of the class, and mootness, have already been ruled upon by this Court in its prior memoranda filed herein. There is no reason either to repeat those rulings, or to depart from them, at this time.

There is only one point in which, as a result of the Court's definition of the classes, some redetermination of the prior rulings is required.

■ In its memorandum filed June 18, 1974, this Court declined to dismiss the action on the basis of the Supreme Court's decision in *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). So far as the defendant class of judges is concerned, it remains clear that the relief sought does not affect the custody of any of the plaintiff class. However, the definition of the two classes of defendants makes it clear that as to the class of wardens, the relief sought does not affect anything but custody. As to the wardens, therefore, the case seems clearly within the ruling in *Preiser,* and as to that class the action must be dismissed. It should perhaps be noted that from affidavits filed by the plaintiffs, it appears that when a member of the class of plaintiff seeks a writ of habeas corpus against a warden, he invariably succeeds. Thus it is clear that as to the wardens, the exhaustion of state remedies results in mooting the claims asserted here.

### IV.

The legal issues presented by plaintiffs are:

(A) whether defendants have ignored the duties imposed on them by Ohio Rev. Code §§ 2929.12(F) and 2929.22(F), and have thus acted illegally in that they confined indigent plaintiffs for failure to pay fines, and

(B) whether defendants have violated plaintiffs' Fourteenth Amendment

rights to Due Process and Equal Protection by imposing fines upon them without inquiring as to their ability to pay those fines, and by confining them for failure to pay those fines.

■ Since jurisdiction of this action lies under the Civil Rights Act, this Court has authority only to review state action that allegedly deprives plaintiffs of a federal right. Whether state officers have obeyed state statutes presents an issue of a state right not a federal right. A state official may act unlawfully under state law without thereby violating the Constitution. Since this Court is not called upon to determine the constitutionality of the state statutes, it cannot by indirection in reaching the federal issues, pass judgment on the adequacy of conduct addressed by state laws. State courts are the proper forum in which to raise issues of compliance with these state laws.

■ Whether the imposition of a fine by state officers upon indigents and the consequential confinement for default in payment violates Due Process and Equal Protection presents a direct constitutional question.

While it is arguable that the Supreme Court's rulings in *Williams v. Illinois,* 299 U.S. 235, 240, 90 S.Ct. 2018, 2021, 26 L.Ed.2d 586, 592 (1970) and *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) do not dispose of the precise question involved here, the courts of appeals in two circuits have ruled on the issue. *United States v. Wilson,* 469 F.2d 368 (2nd Cir. 1972) and *Frazier v. Jordan,* 457 F.2d 726 (5th Cir. 1972) hold that due process is violated unless the sentencing court makes a finding of wilful failure to pay. The *Frazier* case very closely resembles the present case on the facts.

■ It is clear from the foregoing that the plaintiffs are entitled to prevail, and that the plaintiffs' motion for a summary judgment against the defendant judges should be granted in part, at least. This Court holds that the state may not confine an indigent person for failure to make im-

585

mediate total payment of a fine, because to do so would violate that person's right to Equal Protection under the Fourteenth Amendment. When the defendant cannot pay a fine, the state shall not have its pound of flesh. How to protect this right requires consideration of additional factors instrumental in fashioning proper relief.

## V.

As to the defendant class of judges, plaintiffs pray for a declaratory judgment finding their conduct (as stipulated) in violation of the Fourteenth Amendment of the Constitution of the United States. Plaintiffs also pray for injunctive relief that would prohibit these defendants from incarcerating indigent individuals for failure to pay fines in excess of their ability to pay, and that would command defendants to impose fines in compliance with §§ 2929.12(F) and 2929.22(F), Ohio Rev.Code. Finally, plaintiffs pray for an award of reasonable attorney fees and costs.

 The Court must deny injunctive relief. Plaintiffs have not demonstrated that they are under continuing actual or threatened immediate, irreparable harm without an adequate remedy at law, such that the doctrines of comity and federalism that restrict intervention by federal courts into the operation of state courts have been overcome.

 The complaints as amended and the stipulations of fact reveal no evidence of continuing and wilful violations of plaintiffs' rights not to be confined. The stipulations of fact reveal that defendants Andrews and Dague acted in good faith when they confined plaintiffs in the past for failure to pay fines. None of the affidavits shows that defendants have ordered such confinement after learning of the pertinent Ohio statutes barring confinement. Absent a showing of bad faith on the part of defendant judges, an injunction should not issue. *See Hecht Co. v. Bowles,* 321 U.S. 321, 329–30, 64 S.Ct. 587, 88 L.Ed. 754 (1944).

To the extent that plaintiffs seek injunctive relief to secure the relief of persons presently confined in violation of *Tate,* plaintiffs must show that confinement has continued in violation of this order. Should it be demonstrated to the Court that defendants have wilfully violated this order, injunctive relief may be proper.

 To the extent that plaintiffs seek injunctive relief to prevent the future confinement of indigent persons for inability to pay a fine, injunctive relief must be denied. Granting such an injunction, aimed at controlling specific future events in state criminal prosecutions, contemplates intervention into state proceedings via resort to federal suit to determine claims of noncompliance involving any members of the classes broadly defined herein. Although claims brought under 42 U.S.C. § 1983 are expressly exempted from the bar against federal injunctions directed at state court proceedings provided by 28 U.S.C. § 2283 (*Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972)), principles of equity, comity, and federalism prevent this Court from imposing an ongoing federal audit and day-to-day supervision of state judicial proceedings. *O'Shea v. Littleton,* 414 U.S. 488, 500–02, 94 S.Ct. 669, 678–679, 38 L.Ed.2d 674, 685–687 (1974). For these same reasons, the Court must reject the proposed consent order entered into by defendants Connors, Lachin, and Callanan. State court judges have an affirmative duty to vindicate constitutional rights of indigent persons. This Court has no reasons to believe that they will not do so, and it will not unnecessarily dictate administrative procedures which these judicial officers must follow.

To the extent that plaintiffs seek a mandatory injunction to compel defendants to act in accordance with the Ohio Revised Code, the Court denies the prayer for the jurisdictional reasons stated heretofore.

 The Court will grant plaintiffs' prayer for a declaratory judgment pursuant to 28 U.S.C. § 2201. Thus it is incumbent upon the individual and class defendants to determine whether persons now confined

for failure to pay fines, and bonds in the nature of fines, failed to make payment because of indigency. If so, the defendants must find some alternative method, e. g., installment payments, whereby indigent persons may exonerate themselves. *See Tate, supra* 401 U.S. at 400, 91 S.Ct. at 671, 28 L.Ed.2d at 134.

Regarding those persons who will be found guilty of offenses punishable by a fine, with or without a jail term as well, the defendant judges have discretion to choose the method by which indigency can be ascertained before confinement occurs. One federal court has suggested that a hearing be held prior to incarceration to determine the debtor's ability to pay. *Abbit v. Bernier,* 387 F.Supp. 57 (D.Conn.1974). It would be improper, however, for a court to inquire into indigency before it has sentenced an offender, since one's fiscal resources have no bearing on whether conduct should be punished by a fine or by confinement. Courts must avoid discrimination in sentencing on the basis of indigency. *See Burton v. Goodlett,* 480 F.2d 983 (5th Cir. 1973).

It should be noted that if defendant judges place the onus of raising the issue of indigency on the offender, and if his failure to raise the claim, absent a knowing and intelligent waiver of the claim of indigency, would result in confinement, this Court is of the opinion that counsel would have to be appointed for indigent persons facing any charge punishable by a fine. *Gilliard v. Carson,* 348 F.Supp. 757, 762–63 (M.D.Fla.1972). This is the logical result of the Supreme Court's holding in *Argersinger v. Hamlin,* 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538 (1972), "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

Plaintiffs have prayed for reasonable attorney fees and costs. There is no legal basis to justify an award of fees in this case absent a showing of malice on the part of the defendants. Nor can fees be awarded simply because this is a civil rights action under 42 U.S.C. § 1983. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 264, 95 S.Ct. 1612, 1625, 44 L.Ed.2d 141, 157 (1975). Costs will be awarded to plaintiffs. Fed.R.Civ.P. 54(d).

Therefore, for the reasons stated herein, it is

ORDERED that the proposed consent order be, and it hereby is denied; and it is

FURTHER ORDERED that the motion of plaintiffs for summary judgment be, and it hereby is, granted in part and denied in part; and it is

FURTHER ORDERED that a declaratory judgment be entered for plaintiffs holding that the confinement of an indigent person for failure to make immediate total payment of a fine violates that person's right to Equal Protection under the Fourteenth Amendment of the United States Constitution and that it is the duty of every judge to determine that a fine or fines, in the aggregate and to the extent not suspended by the court, does not exceed an amount which said defendant is or will be able to pay by a method and within the time allowed without resulting in his commitment to prison because of his inability to pay, or that said defendant has knowingly and intelligently waived his right to have said judge make such determination; and it is

FURTHER ORDERED that costs herein be taxed against the defendants.

IT IS SO ORDERED.