Denise TATZEL, Petitioner-Appellee,

v.

Hon. Morton J. HANLON, Judge of the Hillsborough County Court, and Malcolm C. Beard, Sheriff of Hillsborough County, Florida, Respondents-Appellants.

No. 75–3703.

United States Court of Appeals, Fifth Circuit.

April 30, 1976.

Robert L. Shevin, Atty. Gen., Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for respondents-appellants.

Charles W. Matthews, Tampa, Fla., for petitioner-appellee.

Before BROWN, Chief Judge, TUTTLE and GEE, Circuit Judges.

TUTTLE, Circuit Judge:

The appellee in this case, Denise Tatzel, was charged in January, 1975, with entering, occupying, or remaining in a motel room "for the purpose of lewdness, assignation and prostitution," allegedly in violation of Florida Statute § 796.-07(3)(c). Tatzel was tried without a jury before the Honorable Morton J. Hanlon, Judge of the Hillsborough County Court. After finding appellee guilty, Judge Hanlon set the cause for sentencing on May 27, 1975. On May 7, 1975, Tatzel filed an Amended Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Florida, setting out her prosecution under Florida statute § 796.07(3)(c) and further alleging that the statute was unconstitutional; Tatzel also sought a stay of state court proceedings against her pending determination in the federal District Court of her Habeas Corpus Petition. On May 27th, before the scheduled sentencing, the District Court issued a stay after finding that "Petitioner need not pursue State Court remedies because exhaustion of State remedies would be futile." The stay ordered was addressed to Judge Hanlon and to Malcolm C. Beard, the Sheriff of Hillsborough County. In appealing the order of the District Court the state officials have raised several issues. In view of our disposition of the appeal, however, it is necessary to discuss only the issue of exhaustion.

Exhaustion is, of course, a prerequisite to a writ of Habeas Corpus, except where it would be futile. 28 U.S.C. § 2254(b);[1] *Layton v. Carson,* 479 F.2d 1275, 1276 (5th Cir. 1973) (*per curiam*). The same policy considerations that underlie the requirement of exhaustion in Habeas actions support "the doctrine . . . that federal courts are not to enjoin state criminal proceedings except under extraordinary circumstances where the danger of irreparable injury is both great and immediate." *Glenn v. Askew,* 513 F.2d 61, 63 (5th Cir. 1975), citing *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The defense of a single criminal prosecution has been held not to amount to "irreparable injury" that would justify injunctive intervention by the federal courts. *Younger v. Harris, supra,* at 46, 91 S.Ct. at 751, 27 L.Ed.2d at 676; *Glenn v. Askew, supra,* at 63.

Thus, whether this case is viewed strictly as a Habeas proceeding or as injunctive in nature, the burden is on appellee to establish that she had exhausted her available state remedies, or that exhaustion would be futile. Since Tatzel has not yet appealed her conviction, in order to prevail she must necessarily rely on the contention that such an appeal would be futile.

The rule in this Court is that:

"Petitioners for federal habeas corpus need not exhaust state remedies when it is plain that resort to the state courts would be futile. If the state's highest court has recently rendered an adverse decision in an identical case, and if there is no reason to believe that the state court will change its position, a federal court should not dismiss a petition for federal habeas corpus for failure to exhaust remedies."

*Layton v. Carson,* 479 F.2d 1275, 1276 (5th Cir. 1973) (*per curiam*).

Tatzel argues that the Florida Supreme Court has recently held that the

---

1. § 2254(b) states:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

statute under which she was charged is constitutional, *Bell v. State,* 289 So.2d 388 (Fla.1973). She, therefore, claims that her case falls within the rule quoted above in *Layton v. Carson.* Analysis of *Bell v. State,* however, belies this argument. The Florida Supreme Court stated, in *Bell* :

> "Appellant argues that Section 796.-07, Florida Statutes, F.S.A., is unconstitutional because the term lewdness is vague. This statute is sufficiently definite to withstand attacks of vagueness and overbreadth and to convey a sufficiently definite warning of proscribed conduct when measured by common understanding, and practice . . . ." (Citations omitted.)

*Id.* at 390. It is clear that the only attack on the statute before the Florida Supreme Court in *Bell* was on the ground that the term lewdness was vague. In the case before us, however, appellee was indicted for entering or remaining in a motel "for the purpose of prostitution, lewdness or assignation." Since the trial court simply pronounced her guilty from the bench and further proceedings were stayed before he entered a written judgment as is required in Florida, it is not clear whether she was found guilty of violating each element of the statute, or only one. If she was, in fact, found guilty of either prostitution or assignation, then whether the statute as applied to her is constitutional was not decided by the Florida Supreme Court in *Bell.* On the facts before us, then, we cannot agree with appellee that pursuing available appeals through the state court system would be futile.

Because appellee failed either to exhaust her state remedies or to show that such exhaustion would be futile, the stay of state court proceedings against her must be vacated, and the appellee's petition for Writ of Habeas Corpus pending in the District Court must be dismissed.