544 F.2d 1244
 William D. BROWNE, Charles B. Chapman, Floyd E. Hollis,
Albert H. Carter, Cornell C. Tanner, and Richard W.
Thompson, Individually and in behalf of all others similarly
situated, Petitioners-Appellants,
v.
W. J. ESTELLE, etc., Respondent-Appellee.
 No. 76-4409.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 6, 1977.
 
 William D. Browne and Richard W. Thompson, pro se.
 Albert H. Carter, pro se.
 John L. Hill, Atty. Gen., Austin, Tex., for respondent-appellee.
 Appeal from the United States District Court for the Eastern District of Texas.
 Before GODBOLD, HILL and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The petition for certificate of probable cause is granted, leave to appeal in forma pauperis is granted, and the appeal is ordered to be docketed. The decision of the district court is AFFIRMED.[1]
 
 
 2
 Plaintiffs seek to pursue a "class action habeas corpus" case on behalf of some 75 Texas state prisoners who are imprisoned pursuant to the Texas recidivist statute, T.C.A. Penal Code § 12.42(d).
 
 
 3
 In Capuchino v. Estelle, 506 F.2d 440 (CA5), cert. denied, 423 U.S. 842, 96 S.Ct. 75, 46 L.Ed.2d 62 (1975), we considered whether the Texas statute, then Art. 63, T.P.C., imposed upon Capuchino punishment so grossly disproportionate to the offense that it was arbitrary and shocking to a sense of justice. In Hart v. Coiner, 483 F.2d 136 (CA4, 1973), cert. denied 415 U.S. 938, 94 S.Ct. 1454, 39 L.Ed.2d 495 (1974), the West Virginia recidivist statute was held to be unconstitutionally applied to the particular defendant.
 
 
 4
 In the present case the petitioners complain that the prior convictions underlying the respective recidivist conviction of each member of the class are, in each instance, so grossly disproportionate to the life sentence imposed under the recidivist statute that the recidivist conviction cannot stand. This can only be determined, however, through a case-by-case review of the convictions underlying each recidivist sentence. St. Jules v. Savage, 512 F.2d 881 (CA5, 1975), is not to the contrary. There the appellants' challenge was not aimed at each individual sentence but was a single, unitary constitutional challenge aimed at systematic use of Art. 63 to deprive appellants as a class of due process and equal protection.
 
 
 5
 The contention made with respect to each member of the class in this case must be raised and exhausted in the Texas state courts before federal habeas is available.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 It is appropriate to dispose of this case summarily. See Groendyke Transportation, Inc. v. Davis, 406 F.2d 1158 (CA5, 1969)