I concur with the judgment of conviction, but dissent from imposition of a Fifteen Thousand Dollar ($15,000) fine in this case.
R.C. 2929.18(A) reads in part:
 * * * the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of sanctions authorized under this section.
Financial sanctions that may be imposed pursuant to this section include
 (2) * * * a fine payable by the offender to the State * * * with the amount of the fine based upon a standard percentage of the offender's daily income over a period of time determined by the court and based upon the seriousness of the offense.
(Emphasis added.)
Here, the trial court imposed a maximum fine on Mullins despite the fact that the court had earlier determined him to be indigent and assigned counsel to represent him. In State v. Davis (May 24, 1984), Cuyahoga App. No. 47662, unreported, our court determined that a trial court should not sentence an indigent to pay a substantial fine which he has no ability to pay.
In this case, although defense counsel told the court at sentencing that his client could pay restitution, representation did not imply an ability to pay a fifteen thousand dollar fine. In addition, imposition of a maximum monetary sanction in this case bears no rational relationship to the nature of the crime, and is neither adapted to deterrence of this crime nor correction of the offender.
Implicit in the trial court's authority to impose a fine, is the expectation that it is related to deterrence of the offense or correction of the offender, and that the court has determined that the offender has the ability or will have the ability to pay the fine. See, e.g., Karr v. Blay (1976), 413 F. Supp. 579. See also R.C. 2947.14. None of these findings are part of the record before us.
For these reasons, I dissent from that portion of the majority opinion which affirmed imposition of a fifteen thousand dollar fine for this crime.