Kenneth Bruce GUNSTANSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–83–01174–CR, 05–83–01175–CR.

Court of Appeals of Texas, Dallas.

Dec. 8, 1983.

Discretionary Review Refused May 9, 1984.

Herbert Green, Dallas, for appellant.

Henry Wade, Dist. Atty., for appellee.

Before STEPHENS, GUILLOT and ROWE, JJ.

STEPHENS, Justice.

Kenneth Bruce Gunstanson, an indigent, appeals the trial court's denial of his post-

conviction writ of habeas corpus, invoking our jurisdiction to hear appeals from post conviction habeas corpus proceedings in misdemeanor cases. TEX.CODE CRIM. PROC.ANN. art. 44.34 (Vernon Supp.1982–1983). Ex parte Billy Ray Jordan, Tex. Crim.App. No. 930–83 (delivered October 12, 1983) (*en banc*) (not yet reported). His sole contention is that his continued imprisonment, under the authority of TEX.CODE CRIM.PROC.ANN. art. 43.03 (Vernon 1979), because of his default in payment of the fines and court costs imposed at trial, is unconstitutional. We agree, and accordingly, we reverse and remand.

Appellant was convicted in a county criminal court of two separate offenses of driving while intoxicated. In one case he was sentenced to five days in jail, a $450 fine, and $103 in court costs. In the other case he was sentenced to ten days in jail, a $500 fine, and $103 in court costs. The jail sentences were to run concurrently.

After serving the jail sentences, appellant filed a post-conviction application for writ of habeas corpus in the trial court. The trial judge, after a hearing, entered its findings of fact that: the appellant had been permitted to serve the five and ten-day jail sentences concurrently, and that such sentences had been fully served; that the only reason that he was presently confined in the county jail was his failure to pay the fines and court costs in both cases; that at the time of the hearing, appellant was indigent; and that he was unable to pay the fines and court costs because of his indigency. After these findings, the trial judge held that the sheriff was justified in retaining appellant in custody under the authority of TEX.CODE CRIM.PROC. ANN. arts. 43.01, 43.07, 43.08 (Vernon 1979), arts. 43.09, 43.10 (Vernon Supp.1982–1983), and denied his application for writ of habeas corpus.

In 1970, the Supreme Court of the United States handed down its opinion in *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). The case involved the construction of an Illinois statute which authorized both fine and imprisonment.

Under this statute, a defendant had been given the maximum jail sentence together with a fine and court costs. The judgment provided that if the defendant was in default of the payment of the fine and court costs at the expiration of the jail term, he should remain in jail pursuant to an Illinois statute, similar to the Texas criminal statutes, allowing credit for a specified sum for each day served in jail to be applied toward the fine and court costs. The court held that a state may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine.

Later, in 1971, the Supreme Court of the United States, in the case of *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) amplified its holding in *Williams v. Illinois*. The defendant accumulated fines of $425 on nine convictions in the Corporation Court of Houston, which had no jurisdiction to impose prison sentences. There, as here, defendant was found indigent by the trial court in the hearing on his post-conviction application for writ of habeas corpus. The United States Supreme Court held that this case constituted the same unconstitutional discrimination as did the *Williams* case, since both defendants were subjected to imprisonment solely because of their indigency. The Court further adopted the view expressed in *Morris v. Schoonfield*, 399 U.S. 508, 509, 90 S.Ct. 2232, 2233, 26 L.Ed.2d 773 (1970) (White, J., concurring), that:

> [T]he same constitutional defect condemned in *Williams* also inheres in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing and able to pay a fine. In each case, the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full.

The Court further clarified its opinion by emphasizing that its holding did not sug-

gest a constitutional infirmity in imprisonment of defendants with the means to pay a fine, yet who refuse or neglect to do so, and further that the decision was not to preclude imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts.

After *Tate*, in *Ex parte Minjares*, 582 S.W.2d 105, 109 (Tex.Cr.App.1979) (on rehearing), the Texas Court of Criminal Appeals, after noting that the trial court had found the defendant to be indigent, held that it is a matter of constitutional law that a defendant "may not be imprisoned because he is too poor to pay his accumulated traffic fines."

In light of the cases cited herein, we hold that incarceration of a proven indigent for failure to immediately pay a fine or court costs violates the equal protection clause of the fourteenth amendment to the United States Constitution and is therefore impermissible. We do not hold, however, that persons able and yet unwilling to pay such fines and court costs, or a person once indigent, who has been given sufficient opportunity to pay, may not be incarcerated for their failure to do so. The judgment of the trial court is reversed, and the cause remanded to the county court for further proceedings for the collection of the unpaid fines and court costs, not inconsistent with this opinion.