# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00683-CR
NO. 03-14-00684-CR
NO. 03-14-00685-CR
NO. 03-14-00686-CR
NO. 03-14-00687-CR

**Ex parte Tammy Marie Ybarra**

**FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
NOS. 42741, 42930, 43238, 43890, 44176
HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING**

## ORDER AND MEMORANDUM OPINION

**PER CURIAM**

Tammy Marie Ybarra, acting pro se, entered into a plea agreement under which she pleaded guilty to nine separate misdemeanors in five separate cause numbers—including two counts of criminal trespass, two counts of driving while intoxicated, two counts of evading arrest and detention, two counts of possession of a dangerous drug, and one count of possession of a controlled substance. The trial court convicted Ybarra and sentenced her to 300 days in jail for the two evading arrest convictions, 300 days in jail for each of the drug convictions, 300 days in jail for one of the criminal trespasses, and 180 days in jail for the each of the remaining offenses, with the sentences to run concurrently. Furthermore, the trial court ordered Ybarra to pay a total of $4,895 in fines and court costs for these convictions.

Ybarra completed her 300-day jail sentence on October 27, 2014. However, Ybarra remains incarcerated because she is "laying out" her fines and court costs—meaning she is forgiven $50 in fines and court costs for each additional day she remains in jail. Following the completion of her 300-day sentence, Ybarra, now represented by pro bono counsel, filed a motion entitled "Motion for Indigency Hearing Pursuant to Art. 43.03(a) C.C.P." In this motion, Ybarra complains that her continued incarceration based on her inability to pay fines and court costs is unconstitutional and inconsistent with the Code of Criminal Procedure. Furthermore, Ybarra requested that the trial court conduct a hearing pursuant to article 43.03(d) of the Code of Criminal Procedure to determine whether Ybarra is indigent and, if so, to determine whether she has failed to make a good faith effort to acquire the resources to pay her fines.

The trial court conducted a hearing on Ybarra's motion. Ybarra testified that she was indigent and that she wanted the opportunity to be released from jail so that she could seek employment to pay off the court costs and fines. The trial court, after taking judicial notice of its file and the reporter's record from the hearing where Ybarra pleaded guilty and was sentenced as outlined above, found that at the sentencing hearing, Ybarra never "claim[ed] indigency to this Court, indicate[d] any inability to pay the monies, or to choose not to lay them out." Furthermore, the trial court determined that laying out her fines through additional jail time was a term of Ybarra's plea agreement "[a]nd either that was the deal she made or she perpetrated a fraud on the Court."[1]

_____

[1] We have not received the clerk's record in this case, and therefore we do not have a copy of Ybarra's plea agreement with the State. However, given the expedited nature of this case and our decision to abate this appeal to supplement the record, we do not require the plea agreement at this time.

Although we do not yet have a copy of the trial court's order itself, it is undisputed and clear from the reporter's record that the trial court denied Ybarra's motion without addressing the issue of indigency or its implications for her further confinement.

On appeal, Ybarra asserts that the trial court should have construed her motion as a post-conviction petition for writ of habeas corpus. *See generally* Tex. Code Crim. Proc. arts. 11.09 (requiring person confined for misdemeanor to file habeas petition in county court where offense committed), 11.14 (listing necessary information in habeas petition); *see also Surgitek, Bristol-Meyers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (instructing courts to look at substance of pleading rather than its caption to determine its nature); *Ex parte Casillas*, 25 S.W.3d 296, 298 n.1 (Tex. App.—San Antonio 2000, orig. proceeding) (same). We agree.

In substance, Ybarra's motion for indigency hearing asserts that her continued confinement for failure to pay fines is unlawful because the trial court has not conducted a hearing and made appropriate findings as required by article 43.03 of the Code of Criminal Procedure. A trial court may order a defendant convicted of a misdemeanor who is unable to pay fines or court costs to be "confined in jail for a sufficient length of time to discharge the full amount of the fine and costs adjudged against him; rating such confinement at $50 for each day." *See* Tex. Code Crim. Proc. art. 43.09(a). However, article 43.03 requires a trial court to conduct a hearing before confining a defendant who defaults on her fine and court costs. *See id.* 43.03(a), (d). Furthermore, in order to confine a defendant for failure to pay court costs, a trial court must make a written determination that:

(1)     the defendant is not indigent and has failed to make a good faith effort to discharge the fines and costs; or

3

(2) the defendant is indigent and:
  (A) has failed to make a good faith effort to discharge the fines and costs [through community service under article 43.09(f)]; and

  (B) could have discharged the fines and costs under article 43.09 without experiencing undue hardship.

*Id.* art. 43.03(d). A defendant who has completed her sentence may, through a habeas petition, request an article 43.03 hearing to determine whether her continued confinement for the purpose of discharging fines and court costs is justified.[2] *See id.* art. 43.08 (noting that provisions and protections of chapter 43 of Code of Criminal Procedure apply even after defendant has been committed); *Gunstanson v. State*, 666 S.W.2d 183, 184 (Tex. App.—Dallas 1983, pet. ref'd) (discussing defendant's habeas petition asserting that underlying sentence was complete and continued confinement to satisfy fines was unlawful because defendant was indigent).

Given that Ybarra's motion complains that her continued confinement is unlawful and requests either an article 43.03 hearing or that she be released from confinement, Ybarra's motion should be construed as a petition for writ of habeas corpus. It is not entirely clear from the record whether the trial court treated Ybarra's motion as a habeas petition. However, it is clear from the reporter's record and the parties' briefs that the trial court did not reach Ybarra's underlying

---

[2] At least one court has concluded that if a trial court fails to conduct an article 43.03 hearing or fails to make the required findings, a petitioner can be entitled to habeas relief because his continued confinement would be unlawful. *See Ex parte Jeff Burks*, No. 06-13-00217-CR, 2014 Tex. App. LEXIS 4507 (Tex. App.—Texarkana Apr. 25, 2014, no pet.) (mem. op., not designated for publication) (concluding that petitioner entitled to release where trial court refused to conduct 43.03(d) hearing).

complaint that she was entitled to release under article 43.03. Without the factual findings required by article 43.03(d), we cannot determine whether Ybarra is entitled to habeas relief.

Given the expedited nature of this case,[3] we abate this appeal for ten days and instruct the trial court to prepare and send to this Court the written findings required under article 43.03(d) of the Code of Criminal Procedure. A supplemental clerk's record containing the trial court's ruling and any related records shall be forwarded to the clerk of this Court no later than December 1, 2014.

It is ordered November 17, 2014.

Before Justices Puryear, Pemberton, and Field

Abated and Remanded

Filed:   November 17, 2014

Do Not Publish

---

[3] Ybarra completed her underlying 300-day sentence on October 27, and given that her most serious offense is a Class A misdemeanor with a maximum of 365 days confinement, Ybarra cannot remain confined beyond December 31, 2014. *See* Tex. Penal Code § 12.21(2) (noting maximum punishment for Class A misdemeanor); Tex. Code Crim. Proc. art. 43.03(c) (noting that if defendant sentenced to confinement and to pay fine or costs, term of confinement for defaulting on paying costs combined with term of confinement may not exceed maximum term of confinement authorized for offense).